Opinion
issued July 29, 2010  

 

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00144-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MARK A. METZGER, Appellant

 

V.

 

LOREN JACKSON, DISTRICT CLERK OF HARRIS COUNTY, TEXAS,
Appellee

 

 



On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2009-73276

 

 



MEMORANDUM
OPINION

Appellant, Mark A. Metzger,
challenges the trial court’s denial of his petition for a writ of mandamus, in
which he sought an order to compel appellee, Harris County District Clerk Loren
Jackson (the “Clerk”), to release to him cash, an annuity, and an account (the
“funds”) that he had originally deposited with the Clerk to supersede a
judgment entered against him in favor of his ex-wife, Patricia Westbo, pending
his appeal.[1]   In two issues, Metzger contends that the trial
court erred in denying his petition for a writ of mandamus and denying his
motion for new trial. 

We affirm.

Background

          In
a related opinion,[2] which we
issue on the same day as this opinion, we provide an extensive and detailed
recitation of the history of litigation between Metzger and Patricia Westbo.  

After the 247th District Court of
Harris County entered a divorce decree dissolving the marriage of Metzger and
Westbo, Westbo filed a motion to clarify the division of property.  The parties executed a Mediated Settlement
Agreement (“MSA”), and the 247th District Court entered a clarification order
on the MSA.  However, Metzger appealed the
clarification order, and, pending his appeal, deposited the funds with the
Clerk in lieu of a surety bond.   We ultimately affirmed, as modified, the
clarification order.[3]  

During the pendency of the appeal and
after we issued an opinion affirming the clarification order as modified, Metzger
filed a series of lawsuits against Westbo and the Clerk in both Tyler County
District Courts and Harris County District Courts.  Metzger essentially sought declarations that
he is entitled to recover the funds and orders compelling the Clerk to release the
funds.  In one of those separate
proceedings, the 247th District Court, on October 2, 2009, granted Metzger
summary judgment.  In its order, the 247th
District Court stated that Westbo had “released any and every claim that she had,”
and it enjoined her from making any claim to the funds and taking any steps
from interfering with Metzger’s obtaining the funds.  In its final judgment, the court also ordered
the Clerk to immediately release the funds to Metzger, but, in a handwritten
notation, stated, “Hold per request of Judge Hellums [the trial court judge] .
. . to 10-8-09.”  The handwritten
notation, as well as the documents, evidence, and docket sheet in the record,
indicate that, after entry of the final judgment, the court elected to “hold” or
stay its ruling.   Metzger then filed a
series of motions to recuse the judge of the 247th District Court,[4] complaining
that she had tampered with governmental records by “holding” the final
judgment.  These motions to recuse
prevented the judge from further ruling in the case.  Westbo appealed the final judgment.  Today, we issue a separate opinion, in which
we hold that Metzger failed to establish as a matter of law his entitlement to
the funds, and we reverse the final judgment and remand for further
proceedings.

In light of the maze of litigation
filed by Metzger and the status of the final judgment, the Clerk refused to
release the funds.  Metzger, believing that
he was still entitled to the funds, filed a new lawsuit against the Clerk in
the 270th Harris County District Court. 
In this new cause, Metzger filed an “original petition for writ of
mandamus,” seeking an order against the Clerk to “release the funds in the
registry without further delay.”  The Clerk
filed an answer as well as a plea to the jurisdiction.

The trial court denied Metzger’s
petition for writ of mandamus and subsequently denied Metzger’s new trial
motion.

Denial of Writ of Mandamus

          In
two issues, Metzger argues that the trial court abused its discretion in
denying the petition for a writ of mandamus and his motion for new trial
because the Clerk had a nondiscretionary duty to release the funds.  Metzger
asserts that the Harris County District Clerk “only filed an unsworn general
denial” and, thus, “the allegations” in Metzger’s petition “should have been
taken as true and the mandamus should have been granted by the trial court.”

          A
district court has jurisdiction to issue a writ of mandamus in original
proceedings against a county official if the order falls within its
jurisdiction and the law does not reserve original proceedings to another
court.  Tex.
Const. art. V, § 8; Tex. Gov’t
Code Ann. § 24.007 (Vernon 2004). 
Because the writ of mandamus is an extraordinary remedy, it will issue
only to correct a clear abuse of discretion or the violation of a legal duty
when there is no other adequate remedy at law.  In
re Ford Motor Co.,
165 S.W.3d 315, 317 (Tex. 2005) (citing In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36 (Tex. 2004)); Walker v. Packer, 827 S.W.2d 833, 839–40
(Tex. 1992); In re Taylor, 113 S.W.3d 385, 389 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).  In reviewing whether the trial court clearly
abused its discretion, we consider whether the trial court’s ruling was arbitrary,
unreasonable, or reached without reference to any guiding rules or principles.  In re
Taylor, 113 S.W.3d at 389.  

          This Court has previously explained
that “money cannot be paid out of the registry of a court except on written
evidence of the order of the judge of the court in which the funds have been
deposited, authorizing the disbursement of the funds.”  Eikenburg
v. Webb, 880 S.W.2d 781, 782 (Tex. App.—Houston [1st Dist.] 1993, orig.
proceeding) (citing Tex. Loc. Gov’t Code
Ann. § 117.121 (Vernon 2008)).  In
Eikenburg, a party acting as a
receiver in a case in the 309th District Court of Harris County received funds
deposited into the registry of the 312th District Court of Harris County.  Id.  We held, 

          Because the judge of the 312th
District Court first ordered the funds to be deposited with his court, only
that court has authority to disburse these funds.  Therefore, we hold
that the 312th District Court has jurisdiction over the funds on deposit in its
court and no other court may interfere with the funds until disbursed by the
312th District Court.

 

Id.
(citation omitted).

          Here, Metzger sought a writ of
mandamus in the 270th District Court of Harris County to compel the Clerk to
disburse funds that Metzger had deposited into the registry of the court of the
247th District Court of Harris County.  Thus,
the 270th District Court lacked jurisdiction to order disbursement of these
funds.  Accordingly, we hold that the
trial court did not abuse its discretion in denying Metzger’s petition for writ
of mandamus and, subsequently, his new trial motion, in which he solely complained
about the trial court’s denial of the petition for the writ.

          We overrule Metzger’s two issues.

Conclusion

          We
affirm the order of the trial court.

 

 

 

Terry Jennings

Justice

 

Panel
consists of Justices Jennings, Alcala, and Massengale.











[1]           Appellant
deposited cash, an annuity, and an account with the registry of the 247th
District Court, the Hon. Bonnie Crane Hellums, presiding, in lieu of a surety
bond, pending appeal.  See In re Marriage of Mark A. Metzger and
Patricia F. Metzger, No. 2002-21703 (247th Dist. Ct., Harris County, Tex.
June 18, 2004), modified and aff’d, Metzger v. Metzger, No. 01-04-00893-CV, 2007
WL 1633445 (Tex. App.—Houston [1st Dist.] June 7, 2007, pet. denied) (mem.
op.).

 





[2]           See Westbo v. Metzger, No. 01-09-00952-CV (Tex. App.—Houston [1st Dist.]
July 29, 2010, no pet. h.) (mem. op.).





[3]           Metzger v. Metzger, No. 01-04-00893-CV, 2007 WL 1633445 (Tex. App.—Houston [1st Dist.]
June 7, 2007, pet. denied) (mem. op.).

 





When appellant learned that the funds would not be
immediately available, he filed his motion to recuse the judge for “interfering”
with the “ministerial duty” of the Clerk in the release of the funds and for
“tampering with a governmental record[.]” 
Appellant’s motion to recuse was denied. 
He subsequently filed a second motion to recuse.