**CUSTOM CORPORATES, INC. and Theresa Woods, Appellants,**

v.

**SECURITY STORAGE, INC., Appellee.**

**In re Gale Kiker and Debbie Richardson, Relators.**

Nos. 14–05–01174–CV, 14–06–00202–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 26, 2006.

George A. Kurisky, Mark A. Bankson, Houston, for appellants.

Jimmy Phillip, Jr., John C. Juravich, John E. Maher, Maxwell M. Kessler, Riecke Baumann, Houston, for appellee. for Security Storage, Inc.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

ADELE HEDGES, Chief Justice.

In this case we consider whether a trial court may, after judgment has been rendered and the court's plenary power has lapsed, assess the expenses and attorneys' fees of a non-party as "costs" against parties to the lawsuit. We hold that it cannot. Because the trial court's assessment of costs was inconsistent with the original judgment and imposed obligations not contemplated by the original judgment, the trial court had no jurisdiction to issue the order. Accordingly, we conditionally grant the writ of mandamus.

This question reaches us via two routes in a consolidated appeal: (1) a petition for a writ of mandamus filed by relators Gale Kiker and Debbie Richardson; and (2) an appeal filed by appellants Custom Corporates, Inc. and Theresa Woods. Both relators and appellants ask us to vacate the trial court's July 26, 2005 Order, which imposed the expenses and attorney's fees of Security Storage, Inc. ("Security") on them and on Apartment Connection, Inc., the judgment debtor. Because we grant the writ of mandamus and hold that the July 26, 2005 Order is void, we dismiss the appeal as moot.[1] *See Luster v. Union Pacific R.R. Co.*, No. 01–02–00104–CV, 2003 WL 203521, at *1 (Tex. App.-Houston [1st Dist.] Jan. 30, 2003) (dismissing appeal as moot where related mandamus proceeding had declared judgment upon which appeal was based as void).

## I. Background

This proceeding arises out of a trial for which judgment was rendered on May 3, 2001. At that time, the trial court entered judgment against Apartment Connection in favor of relators and others. Among other things, the judgment required Apartment Connection to pay actual damages and interest to relators and also to pay relators' costs and some attorney's fees. No party appealed the judgment or filed any motions that would extend the appellate deadlines. The trial court's plenary power therefore lapsed on June 2, 2001, thirty days after the judgment had been signed. TEX.R. CIV. P. 329b(d).

Over three years later, on June 24, 2004, non-party Security Storage, Inc. ("Security") filed a "Motion to Assess Costs" in the trial court. Security alleged that, with relators' express permission, the constable had retained Security to assist with execution of the judgment and that Security had "boxed, moved and stored" Apartment Connection's belongings. Security also stated that it had later reached an agreement with Apartment Connection to return Apartment Connection's property for $1,000 in cash, with the remainder of Security's fees to be paid on a deferred basis by Apartment Connection. Apartment Connection thereafter filed for bankruptcy. Presumably because the rest of Security's expenses remained unpaid, Security requested that the trial court classify these expenses as "costs" and assess them "against all other parties jointly and severally." In all, Security sought moving and storage fees of $16,440.00 and attorney's fees of $3,500.

The trial court agreed that Security was entitled to recover these sums, and on August 3, 2004, entered an order awarding Security costs and attorney's fees. On rehearing, on December 18, 2004, the trial court reversed itself, entering an order providing that "the previous Order dated

---

1. Because the order is void, it cannot be enforced against appellants Custom Corporates, Inc. and Theresa Woods. *See In re Bokeloh*, 21 S.W.3d 784, 792–93 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding) ("A void order is entirely null within itself; it is not susceptible to ratification or confirmation, and its nullity cannot be waived."). A party affected by void judicial action need not appeal, though if it does, we have the power to declare that the order is void. *See State ex rel*

*Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (If an appeal is taken from a void order, the appellate court may declare void any orders the trial court signed after it lost plenary power over the case.); *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961) (noting that "[w]hile it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void").

August 3, 2004 is VOID." After Security re-urged its motion, the trial court reversed itself for the second time. On July 26, 2005, the court entered a second "Order Assessing Costs," which found that "the fees and charges incurred by Security Storage, Inc. are court costs" and awarded Security "costs [which] are assessed as $16,440.00, plus attorney's fees of $3,500.00."

The trial court's July 26, 2005 Order is the subject of this proceeding. Relators challenge the Order as void because it was issued well outside of the trial court's plenary power. Security maintains that the trial court has the power to award expenses arising from execution commensurate with its power to enforce a judgment, permitting a court to provide for the recovery of such expenses at any time during the ten year period until a judgment has become dormant under Texas Civil Practice & Remedies Code § 34.001.[2]

## II. Analysis

 Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *See Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). We typically grant mandamus relief only where a trial court has clearly abused its discretion and a party has no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992). Cases involving void orders present a circumstance warranting mandamus relief. *See In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998). The issuance of a void order is an abuse of discretion. *See In re Southwestern Bell Tele. Co.,* 35 S.W.3d 602, 605 (Tex.2000). When the

order is adjudged void, it is not necessary for a relator to additionally show that it lacks an adequate appellate remedy. *Id.*

 This case requires us to determine whether the trial court's July 26, 2005 Order is void, or whether it was a legitimate exercise of the trial court's power to enforce its judgment. A court order is void if it is apparent that the court "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex.2005) (citing *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985) (orig. proceeding) (per curiam)). "[A] trial court cannot act when it has no jurisdiction, and a reviewing court cannot find jurisdiction where none exists." *In re Bokeloh,* 21 S.W.3d 784, 793 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding). Orders issued outside of a trial court's plenary power are typically void, because a court no longer has jurisdiction to act once its plenary power has expired. *Southwestern Bell,* 35 S.W.3d at 605.

The Texas Rules of Civil Procedure limit a trial court's jurisdiction after it has entered a final judgment. Rule 329b generally provides that a trial court retains jurisdiction over a case for a minimum of thirty days, during which time the trial court has plenary power to change its judgment. *See Lane Bank Equip. Co. v. Smith Southern Equip., Inc.,* 10 S.W.3d 308, 310 (Tex.2000). Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary jurisdiction over its judgment for up to an additional seventy-five days. *See id.; see*

---

**2.** Section 34.001(a) provides "[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived."

*also* Tex.R. Civ. P. 329b(c),(e) & (g). After the time set forth in the rules, however, a court's plenary power expires and the actions that it may take with respect to its judgment are limited. *See* Tex.R. Civ. P. 329b(f).

Once its plenary power has expired, the trial court may engage only in certain specified activities with respect to its judgment. For example, the trial court may correct clerical mistakes in the judgment. *See* Tex.R. Civ. P. 316; *see also Comm. for Lawyer Discipline v. Denisco,* 132 S.W.3d 211, 214–15 (Tex.App.-Houston [14th Dist.] 2004, no pet.) ("After the trial court loses jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc."). The trial court may also supervise post-judgment discovery that is conducted to aid in the enforcement of the judgment. Tex.R. Civ. P. 621a. In addition, the trial court has both a statutory and an inherent power to enforce its judgment. Tex.R. Civ. P. 308 ("The court shall cause its judgments and decrees to be carried into execution."). *See also Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982) ("The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments.").

■ The trial court may not, however, issue an order that is inconsistent with the original judgment or that otherwise constitutes "a material change in the substantive adjudicative portions of the judgment" after its plenary power has expired. *See Denisco,* 132 S.W.3d 211, 215 (Tex. App.-Houston [14th Dist.] 2004, no pet.); *Bank One, N.A. v. Wohlfahrt,* 193 S.W.3d 190, 194–95 (Tex.App.-Houston [1st Dist.] 2006, no pet. h.) ("enforcement orders may not be inconsistent with the original judgment and may not constitute a material

change in substantial adjudicated portions of the judgment"). In addition, post-judgment orders may not require performance of obligations in addition to "the obligations imposed by the final judgment." *Wohlfahrt,* 193 S.W.3d at 195 (trial court may not impose attorneys' fees to which the parties agreed in a post-judgment settlement agreement). This is particularly true when such orders purport to adjudicate the rights of non-parties. *See Sharpe v. Roman Catholic Diocese of Dallas,* No. 05-99-01614-CV, 2001 WL 15974, at *3 (Tex.App.-Dallas Jan.9, 2001, orig. proceeding) (" 'inherent' judicial powers do not include the authority to make substantive rulings on controversies between parties in the absence of pleadings invoking the court's jurisdiction") (not designated for publication). *See also In re Mercy Hosp. of Laredo, Inc.,* No. 04-01-00144-CV, 2001 WL 455544, at *2 (Tex.App.-San Antonio May 2, 2001, orig. proceeding) (overturning order awarding a nonparty the expenses and attorneys fees it incurred in discovery as outside of court's plenary power) (not designated for publication).

■ In this case, the trial court's plenary power had unquestionably expired by the time its July 26, 2005 Order issued. The trial court initially rendered judgment over four years earlier, on May 3, 2001. Because no post-judgment motions were filed, the court's plenary power had lapsed by June 2, 2001. The trial court's jurisdiction to act was therefore limited as defined by the rules. Although the trial court had the inherent power to enforce its earlier judgment, it had *no power* to issue an order inconsistent with that judgment or to impose obligations in addition to those reflected in the 2001 judgment. *See Wohlfahrt,* 193 S.W.3d at 194–95; *see also Lane Bank,* 10 S.W.3d at 312 ("a motion

made after judgment to incorporate a sanction [of attorneys' fees] as a part of the final judgment does propose a change to that judgment").

The order that the trial court issued in this case exceeded any powers it may have possessed after the expiration of its plenary jurisdiction. By its order, the court (1) summarily determined that a non-party's attorney' fees of $3,500.00 were "reasonable and necessary"; (2) awarded those attorneys' fees to the non-party, which had neither filed pleadings nor asserted a claim in the lawsuit; (3) summarily determined that $16,440.00 in storage fees allegedly incurred by the non-party could be taxed as post-judgment "court costs;" (4) awarded recovery for those costs to the non-party; and (5) rendered relators and appellants—the parties who prevailed at trial and were entitled to recover their costs of suit and some attorney' fees from the judgment debtor—liable for these new costs and attorney' fees.

There are several problems with the trial court's order. To begin with, the order imposes obligations on the parties that are inconsistent with and in addition to the obligations set forth in the original judgment. See Wohlfahrt, 193 S.W.3d at 195 (court had no power to order party to pay additional attorney' fees that were not reflected in original judgment, even if the parties agreed to those fees in a post-judgment settlement agreement). The order both purports to recalculate the costs and to reallocate costs as between the parties to the judgment. The trial court clearly could have issued an order that was consistent with its earlier judgment. See, e.g., Pope v. Gaffney, No. 04–05–00413–CV, 2006 WL 1684661, at *2 (Tex.App.-San An-

tonio Jun.21, 2006, no pet. h.) (mem.op.)(affirming trial court's power to find that judgment debtor's deposit of into the registry of the court satisfied judgment). It could not, however, create or impose liability in a manner in which the original judgment had not. See Wohlfahrt, 193 S.W.3d at 194–95.

The order is also problematic insofar as it purports to determine a dispute between a litigant and a non-party, in the absence of pleadings or even any alleged legal basis for relief. Neither a court's inherent authority to enforce a judgment nor the Texas Rules of Civil Procedure authorize such an action. See Sharpe, 2001 WL 15974, at *3. In fact, aside from general references to a court's powers to enforce its judgment, real parties have not articulated any legal basis for the court's action, and our own research has revealed none. Contrary to real party's claim, Rule 621a, which governs post-judgment discovery, "cannot be used to independently join additional claims or parties." Id. In addition, the Texas Rules of Civil Procedure generally permitting courts to award costs do not permit a court to allocate or adjudicate costs outside of its plenary power. See Operation Rescue–Nat'l v. Planned Parenthood, 937 S.W.2d 60, 87 (Tex.App.-Houston [14th Dist.] 1996), modified on other grounds, 975 S.W.2d 546 (Tex.1998). In short, in addition to problems arising from a material variance from the judgment, we are aware of no legal basis for the court to have made its summary determinations in favor of a non-party to the judgment in question.

We find that the trial court's July 26, 2005 Order is void. Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus and order the trial court to vacate the July 26, 2005

Order.[3]

---

**3.** The writ will issue only if the trial court fails to act in accordance with this opinion.