**Affirmed, Motion for Rule 45 Damages Granted, Memorandum Opinion of December 23, 2014, Withdrawn, and Substitute Opinion filed January 22, 2015.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-00604-CV

---

### MARY RIGGINS, Appellant

### V.

### RONALD E. HILL, LINDA C. HILL, WEST COLUMBIA PLAZA, LTD., AND LUCKY LINDY DEVELOPMENT, Appellees

---

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 35931**

---

# S U B S T I T U T E   O P I N I O N [1]

This appeal involves a challenge to an order in which the trial court enforced a judgment that was final by appeal. At issue is whether the trial court erred in determining that it lacked jurisdiction over post-mandate motions to alter the

---

[1] The memorandum opinion issued on December 23, 2014, is withdrawn, and this opinion is issued in its place to address appellees' motion for damages under Texas Rule of Appellate Procedure 45.

attorney's fees awarded in the judgment, whether the trial court's enforcement order was proper, and whether damages under Texas Rule of Appellate Procedure 45 should be imposed against appellant's counsel. We affirm the trial court's judgment and grant appellees' motion for Rule 45 damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nearly a decade ago, appellant/plaintiff Mary Riggins filed suit against various parties, including appellees/defendants Ronald E. Hill, Linda C. Hill, West Columbia Plaza, Ltd., and Lucky LindyDevelopment (hereinafter collectively the "West Columbia Parties"). Riggins asserted various claims against the West Columbia Parties, including that their failure to provide her with reasonable accommodations for her disability caused her to fall and suffer injuries. A few years later, Riggins and the West Columbia Parties entered into an agreement under Texas Rule of Civil Procedure 11, in which they agreed to settle Riggins's claims. After the parties entered into the Rule 11 agreement in May 2008, but before the trial court rendered judgment based on it, Riggins informed the West Columbia Parties that she was withdrawing her consent to the settlement agreement. In response, the West Columbia Parties filed a counterclaim seeking to enforce the settlement agreement.

In the following year, the trial court granted the West Columbia Parties' summary-judgment motion and rendered judgment enforcing the settlement agreement and awarding the West Columbia Parties attorney's fees (hereinafter the "Judgment"). In the Judgment, signed in February 2009, the trial court awarded the West Columbia Parties $3,000 as "attorney's fees and expenses for the filing and hearing on [their summary-judgment motion]." The trial court also awarded the West Columbia Parties $4,000 as additional attorney's fees "if [Riggins] should appeal . . . to the Court of Appeals," as well as $3,500 as additional attorney's fees

2

"if [Riggins] should appeal . . . to the Texas Supreme Court."

Riggins appealed the Judgment to this court (hereinafter the "First Appeal"). *See Riggins v. Hill*, No. 14-09-00495-CV, 2011 WL 5248347, at *1 (Tex. App.— Houston [14th Dist.] Nov. 3, 2011, pet.denied) (mem. op.). On appeal, this court sustained one of Riggins's issues, modified the Judgment to condition the award of appellate attorney's fees on the West Columbia Parties' success on appeal, and affirmed the Judgment as modified. *See id*. at *12. This court did not reverse any part of the Judgment or remand the case for further proceedings in the trial court. *See id*. Riggins then filed a petition for review in the Supreme Court of Texas. *See id*. at *1. The high court denied review, and this court issued its mandate. *See id*.

In July 2012, Riggins filed a motion in the trial court requesting disbursement of the funds in the registry of the court. In her motion, Riggins requested that the trial court order that only $3,000 of the funds be disbursed to counsel for the West Columbia Parties. In response, the West Columbia Parties filed a motion in which they requested that $10,500 plus interest be disbursed to their counsel based on the attorney's fees awarded to the West Columbia Parties in the Judgment.

Later that year, Riggins filed a motion to transfer the case to the 239th Judicial District Court. The West Columbia Parties did not oppose this motion, and the case was transferred.[2] The parties engaged in post-judgment discovery. In late 2012 and early 2013, Riggins filed a motion for sanctions against the West Columbia Parties, a motion for determination of attorney's fees and for release of the money in the registry of the court, and a motion for attorney's fees (hereinafter collectively the "Post-Mandate Motions"). Riggins also filed a "counterclaim,"in which she purported to assert claims for breach of contract and intentional

---

[2] The propriety of this transfer is not at issue in this appeal.

infliction of emotional distress.

In April 2013, the trial court signed an order enforcing the Judgment, as modified by this court, and ordering the court clerk to disburse $7,500 to counsel for the West Columbia Parties. In its order, the trial court also found that it did not have jurisdiction over Riggins's Post-Mandate Motions. In June 2013, Riggins perfected an appeal from this order, which we resolve today.

## II. ISSUES AND ANALYSIS

In six appellate issues, Riggins asserts various arguments in support of her contention that the trial court erred in granting the West Columbia Parties awards of attorney's fees and in failing to grant her an award of attorney's fees. Riggins asserts, among other things, that the trial court erred in awarding the West Columbia Parties attorney's fees because (1) the West Columbia Parties were not prevailing parties; (2) attorney's fees are not available for defendants in civil rights and torts actions and because seeking to enforce a settlement agreement did not change the nature of the action; (3) the West Columbia Parties' attorneys did not file a brief or response in the Supreme Court of Texas; (4) awarding attorney's fees for appellate work violates an indigent person's right of access to the courts; (5) a Rule 11 agreement containing prospective language is not a contract; and (6) Riggins is entitled to attorney's fees.

### A. Jurisdiction Over the Post-Mandate Motions

In the order from which Riggins appeals, the trial court determined that it lacked jurisdiction over the Post-Mandate Motions. The West Columbia Parties argue that the trial court was correct in making this determination. Construing Riggins's appellate brief liberally, we conclude that Riggins asserts on appeal that the trial court had jurisdiction over the Post-Mandate Motions because the Judgment is void. Though Riggins's briefing lacks clarity and precision, she appears to be asserting that the Judgment is void because the trial court allegedly

4

erred in enforcing the Rule 11 agreement, ordering attorney's fees, and rendering the Judgment.[3]

Jurisdiction refers to a court's authority to adjudicate a case. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). If a court has jurisdiction to resolve a dispute, an error in its resolution of the merits does not deprive the court of jurisdiction. *See Reiss*, 118 S.W.3d at 443 (holding that a judgment is not void merely because the court erred in adjudicating the merits). Riggins does not argue that the trial court lacked jurisdiction to determine whether to enforce the Rule 11 agreement and to determine whether any of the parties were entitled to attorney's fees. Instead, Riggins appears to be asserting that the Judgment is void because the trial court allegedly made the wrong decision. Riggins has not cited any authority that supports this proposition. Any error by the trial court in adjudicating the merits in the Judgment did not deprive the trial court of jurisdiction to render the Judgment, nor did it make the Judgment void. *See id.* Though Riggins states in a conclusory manner that the Judgment is void or void ab initio, Riggins has not provided any analysis in support of this statement. We conclude that the Judgment is neither void ab initio nor void.

In the remainder of her appellate brief, Riggins does not raise any other challenge to the trial court's conclusion that it lacked jurisdiction over the Post-Mandate Motions. Riggins's argument challenging the trial court's decision based on a purported lack of jurisdiction over the Post-Mandate Motions is without merit. To the extent that Riggins challenges the trial court's determination that it lacked jurisdiction over the Post-Mandate Motions in her six appellate issues, those issues are overruled.

---

[3] Riggins asserts that "[t]he judgment awarding attorney's fees to Appellee's [sic] counsel was in all things void for the foregoing referenced reasons, as well as those set out below."

**B. Challenges to Enforcement of the Judgment**

The Texas Rules of Civil Procedure limit a trial court's jurisdiction in the period after the trial court has rendered a final judgment. *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.). After a trial court's plenary power over a judgment expires, the trial court has an affirmative duty to enforce its judgment, and the trial court retains statutory and inherent authority to do so. *See* Tex. R. Civ. P. 308; *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003); *Bancorp South Bank v. Prevot*, 256 S.W.3d 719, 724 (Tex. App.—Houston [14th Dist.] 2008, no pet.). But, after its plenary power over a judgment expires, the trial court may not issue an order that is inconsistent with the judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment. *Custom Corporates, Inc.*, 207 S.W.3d at 839.

Under her third issue, Riggins argues that the West Columbia Parties are not entitled to attorney's fees because they did not file a brief or a response in the Supreme Court of Texas. Under the language of the Judgment, as modified by this court in the First Appeal, the West Columbia Parties are entitled to an additional $4,000 in appellate attorney's fees "if [Riggins] should appeal . . . to the Texas Supreme Court," conditioned on the West Columbia Parties' success on appeal. Under the unambiguous language of the Judgment, as modified by this court, the West Columbia Parties were not required to file a response or a brief to be entitled to recover these additional appellate fees. Riggins has not cited any authority in which a court concludes that a judgment creditor must file an appellate brief or response to be entitled to recover appellate attorney's fees awarded to the judgment creditor, even though that condition is not contained in the judgment. Riggins has not shown that the trial court erred to the extent the trial court ordered the

6

disbursement of the additional attorney's fees from the registry of the court.[4]

Under her first issue, Riggins also asserts that the trial court erred in ordering disbursement of attorney's fees directly to the law firm representing the West Columbia Parties rather than to the West Columbia Parties. Riggins does not explain how she preserved error as to this complaint. A review of the record reveals that Riggins did not lay the proper predicate for appeal by voicing this complaint and obtaining an adverse ruling in the trial court. Therefore, Riggins failed to preserve error as to this appellate complaint. *See* Tex. R. App. P. 33.1(a); *Gammill v. Fettner*, 297 S.W.3d 792, 801–02 (Tex. App.—Houston [14th Dist.] 2009, no pet.). This portion of her first issue is thus waived.

We have addressed all of Riggins's appellate arguments that constitute a challenge to the manner in which the trial court enforced the Judgment rather than an attempt to relitigate the Judgment after the trial court lost plenary power over the Judgment. We conclude that, in these arguments, Riggins has not shown that the trial court erred in the manner in which it enforced the Judgment. Having concluded that all of Riggins's arguments lack merit, we overrule Riggins's appellate issues.

### C.    Damages Under Texas Rule of Appellate Procedure 45

Texas Rule of Appellate Procedure 45, entitled "Damages for Frivolous Appeals in Civil Cases," provides for the assessment of just damages if the court of appeals determines that a civil appeal is frivolous. *See* Tex. R. App. P. 45 (stating that, "[i]f the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages"); *Hatton v.*

---

[4] Riggins does not assert that the West Columbia Parties were not entitled to these fees because Riggins filed a petition for review rather than an appeal in the Supreme Court of Texas. Even if Riggins had made such an argument, we would conclude it lacks merit.

*Grigar*, No. 14-09-00630-CV, 2011 WL 175501, at *3 (Tex. App.—Houston [14th Dist.] Jan. 20, 2011, no pet.) (ordering appellant and appellant's attorney to pay Rule 45 damages to appellee) (mem. op.); *Lookshin v. Feldman*, 127 S.W.3d 100, 107 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (ordering only appellant's attorney to pay Rule 45 damages to appellee).  Based on this rule, the West Columbia Parties have moved for just damages against Veronica L. Davis, counsel of record for Riggins.  This court may award just damages under Rule 45 if, after considering everything in its file, this court makes an objective determination that the appeal is frivolous.  *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). To determine whether an appeal is objectively frivolous, this court reviews the record from the viewpoint of the advocate and decides whether the advocate had reasonable grounds to believe the case could be reversed.  *Id*.  But, Rule 45 does not mandate that this court award just damages in every case in which an appeal is frivolous.  *Id.*  The decision to award such damages is a matter within this court's discretion, which this court exercises with prudence and caution after careful deliberation.  *Id.*

In the First Appeal, Riggins had the opportunity to show that the trial court reversibly erred in rendering the Judgment.  In that appeal, this court addressed the arguments that Riggins made, found merit in only one of her arguments, and affirmed the Judgment as modified.  *See Riggins*, 2011 WL 5248347, at *1–12. The Supreme Court of Texas denied Riggins's petition for review and motion for rehearing of the denial of that petition.  This court issued its mandate commanding the trial court to observe and execute the Judgment as modified.  Nonetheless, after issuance of this mandate, Riggins, represented by Davis, sought to relitigate the issues determined by the Judgment in the trial court. Riggins, through Davis, filed a "counterclaim," in which Riggins purported to assert claims for breach of contract and intentional infliction of emotional distress.  The trial court signed an

8

order enforcing the Judgment, as modified by this court. In its order, the trial court found that it did not have jurisdiction over Riggins's Post-Mandate Motions. Riggins perfected an appeal from this order.

In most of her appellate arguments, Riggins, through her counsel Davis, seeks to relitigate the issues already resolved by the Judgment, which was final by appeal before Riggins perfected this appeal. Riggins has not shown, and the record does not reflect, any reasonable ground for concluding that the Judgment is void. Riggins has not made any other argument that, if successful, would allow her to obtain relief inconsistent with the Judgment, as modified by this court. As to Riggins's challenges to the enforcement of the Judgment as modified by this court, the record does not show any reasonable ground for concluding that the West Columbia Parties were required to file a response or a brief to be entitled to recover the appellate fees awarded in that judgment. Nor does the record reveal any reasonable ground for concluding that Riggins preserved error in the trial court regarding her other challenge to the enforcement of the Judgment as modified. The West Columbia Parties filed a Rule 45 motion asking this court to assess against Davis more than $54,000 in damages. At no time during the pendency of this appeal has Davis or Riggins filed any response in opposition to this motion. Nor has either Riggins or Davis undertaken to refute the stated reasons for the Rule 45 damages sought, though each has had ample notice of the relief sought and opportunity to be heard. Considering everything in this court's file and reviewing the record from the viewpoint of Davis, Riggins's attorney, we conclude that Davis had no reasonable grounds to believe that the case could be reversed. Accordingly, we make an objective determination that this appeal is frivolous. *See Glassman*, 347 S.W.3d at 782–83. We also conclude that the West Columbia Parties should be awarded Rule 45 damages against Davis. *See id*.; *Hatton*, 2011 WL 175501, at *3; *Lookshin*, 127 S.W.3d at 107.

9

The West Columbia Parties seek damages based upon the attorney's fees and expenses they have incurred since the trial court rendered the Judgment. Although Rule 45 does not prescribe a method for determining the amount of the "just damages," courts have awarded just damages based on proof of expenditures incurred by the appellee as a result of the frivolous appeal. *See Chapman v. Hootman*, 999 S.W.2d 118, 123–25 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Lookshin*, 127 S.W.3d at 105-07. In this case, we conclude that just damages should be calculated based upon the West Columbia Parties' attorney's fees and expenses incurred as a result of this appeal. *See Chapman*, 999 S.W.2d at 123–25; *Lookshin*, 127 S.W.3d at 105-07. Therefore, we calculate just damages based on the West Columbia Parties' attorney's fees and expenses in this case from the point Riggins perfected appeal in June 2013. The West Columbia Parties have submitted uncontroverted proof of reasonable attorney's fees during this period in the amount of $12,175.50 and of $161.28 in expenses, for a total of $12,336.78.

### III. CONCLUSION

We affirm the trial court's order. In addition, under Rule 45, we order Veronica L. Davis to pay the West Columbia Parties $12,336.78 in just damages.[5]

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

---

[5] The West Columbia Parties have not asked that Riggins be ordered to pay any damages under Rule 45, and we do not order Riggins to pay any Rule 45 damages.

10