

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00329-CV

**CURTIS CAPPS,**

**Appellant**

 **v.**

**THE KNOWN AND UNKNOWN HEIRS**
**OF PRISCILLA FOSTER, ET AL,**

**Appellees**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 12-001362-CV-272**

## MEMORANDUM OPINION

In two issues, appellant, Curtis Capps, challenges an "Order and Judgment Granting Injunction" granted in favor of appellees, the known and unknown heirs of Priscilla Foster. Specifically, Capps asserts that: (1) the trial court lacked jurisdiction to

grant an easement in this case; and (2) even if the trial court had jurisdiction, the Foster

heirs failed to establish the elements for an easement claim. We reverse and render.[1]

## I. BACKGROUND

For a second time, a certain landlocked, 285.5-acre tract of land in Brazos County,

Texas, is in dispute.[2] *See generally Capps v. Foster*, No. 10-14-00061-CV, 2016 Tex. App.

LEXIS 626 (Tex. App.—Waco Jan. 21, 2016, pet. denied) (mem. op.) ("*Capps I*"). In *Capps*

*I*, Capps filed suit to remove a cloud on the title to this property. *See id.* at *4. The Foster

heirs filed an adverse-possession counterclaim. *Id.* The trial court awarded to the Foster

heirs title to four tracts contained within the larger 285.5-acre tract, and we affirmed.[3] *Id.*

at *4, **20-21.

---

[1] The Foster heirs have also filed a motion to dismiss Capps's appeal for lack of jurisdiction. In light of our disposition, and because the trial court's "Order and Judgment Granting Injunction" acts in the nature of a mandatory injunction that resolves property rights, we deny this motion. *See Jack M. Sanders Family P'ship v. Roger T Fridholm Revocable Living Trust*, 434 S.W.3d 236, 242 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("A post-judgment order, however, may be appealable if an appeal is statutorily authorized or if the order has the nature of a mandatory injunction that resolves property rights. . . . A post-judgment order operates as a mandatory injunction when it resolves property rights and imposes obligations on the judgment creditor or interested third parties."); *see also In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, orig. proceeding) ("When, however, a post-judgment order acts in the nature of a mandatory injunction that resolves property rights, it may be appealable." (citing *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004) (orig. proceeding) (holding that a turnover order that resolved property rights and acted "in the nature of a mandatory injunction" was appealable))).

[2] As noted in the trial court's findings of fact and conclusions of law,

The original 285.5 acre tract is the land more fully described in the deed from William W. Dunlap as agent for Archibald McDowell to Wiatt Butler, Peter Morgan, Nelson Constance and Alex Scott dated January 4, 1875 and recorded in Volume P, Page 293 of the Official Records of Brazos County, Texas.

[3] The four tracts are commonly referred to as the Priscilla Foster Tract, the Henry Foster Tract, the Mattie Carter Tract, and the Tom Hill Tract, and these tracts comprise 64.351 acres of the 285.5-acre tract.

On August 14, 2018, the Foster heirs filed a "Motion to Enforce Judgment and Request for Injunctive Relief." In this filing, the Foster heirs alleged that, commencing in September 2017, Capps began engaging in a course of conduct to defy the terms of the trial court's final judgment in *Capps I*. Specifically, the Foster heirs contended that Capps: (1) maliciously harassed them by "removing from the Movants' easement and property Movants' signs and board of instructions," "swearing out or causing to be sworn false complaints of criminal theft," and "causing the sheriff's department to arrest and jail individuals visiting the property who were guests, and in at least one case, the spouse of one of Priscilla Foster's Heirs who is a movant herein"; (2) installed new locked gates and placed locks on long-existing gates located on Day Road in order to prevent access; and (3) performed acts of intimidation, including written statements that amounted to threats aimed at discouraging use of Day Road by the Foster heirs and their invitees. The Foster heirs argued Capps' actions obstructed and prevented them from enjoying full use of their property, as granted by the trial court's prior judgment in *Capps I*. Accordingly, the Foster heirs sought to enforce the trial court's prior judgment and requested a permanent injunction against Capps "from interfering in any manner with Movants' continued possession and use of said Day Road as the easement of access for their properties as adjudged and ordered . . . ."

The trial court conducted an evidentiary hearing on the Foster heirs' motion and request and ultimately ruled in favor of the Foster heirs. The trial court's "Order and Judgment Granting Injunction" provided the following, in relevant part:

Having considered the evidence and arguments, the Court finds and concludes that the Defendants [the Foster heirs] are entitled to enforcement of their Final Judgment signed and entered on January 22, 2014, and the relief necessary for such enforcement as hereinafter given.

IT IS THEREFORE, ORDERED that the Plaintiff be and hereby is commanded to cease, desist and refrain from blocking, impeding, interfering and preventing full access by Defendants on, along and across Day Road, aka Day Lane, aka Day Street in their travel on such easement and right-of-way from FM 2154 through any and all property in which he claims an interest, including, but not limited to the 9.437 acres, called 10.6582 acre and known as the ANITA VASQUEZ TRACT and Plaintiff [Capps] is to cease and desist taking any actions which would impede, interfere, discourage, frustrate or prevent the Defendants and their families, agents, contractors, invitees, tenants and lessees from having and enjoying full use and freedom of access and passage along, by, across and through the easement designated in Plaintiff's Exhibit 44, Defendants' Exhibit 15 in the record of the original trial of this case . . . which easement has and continues to be known as Day Road, aka Day Lane, aka Day Street, as it passes through and across both DEVER SURVEY and the J.M. BARRERA SURVEY to the four (4) tracts of land set forth in the Judgment of this Court.

IT IS FURTHER ORDERED that the Plaintiff be, and hereby is, commanded on or before Oct[ober] 19, 2018, to remove all locks on any gates located on said road, easement and right-of-way, to remove any threatening signs, to cease filing criminal proceedings in the County Courts requesting punishment to individuals using the easement and right-of-way known as Day Road, aka Day Lane, aka Day Street and restore the boards of instructions previously posted by Defendants.

The trial court also entered findings of fact and conclusions of law. This appeal followed.

## II. JURISDICTION

In his first issue, Capps contends that the trial court lacked jurisdiction to amend its judgment after its plenary power expired. In particular, Capps argues that "the Foster heirs never sought an easement—nor was one purportedly granted—until four years after the judgment was entered. At that point, the court's plenary power had lapsed, the court lacked jurisdiction, and its judgment granting an easement is therefore void." The Foster heirs counter that they presented evidence at the 2013 bench trial that they were entitled to an implied easement appurtenant known as Day Road by both necessity and prior use. According to the Foster heirs, their right of access by easement necessarily passed with the property awarded.

With regard to a trial court's plenary power, the expiration of that power, and orders entered by the trial court after plenary power expires, Texas courts have stated:

> A court order is void if it is apparent that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. A trial court cannot act when it has no jurisdiction, and a reviewing court cannot find jurisdiction where none exists. Orders issued outside of a trial court's plenary power are typically void, because a court no longer has jurisdiction to act once its plenary power has expired.
>
> The Texas Rules of Civil Procedure limit a trial court's jurisdiction after it has entered a final judgment. Rule 329b generally provides that a trial court retains jurisdiction over a case for a minimum of thirty days, during which time the trial court has plenary power to change its judgment. Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary jurisdiction over its judgment for up to an additional seventy-five days. After the time set forth in the rules, however,

a court's plenary power expires and the actions that it may take with respect to its judgment are limited.

> Once its plenary power has expired, the trial court may engage only in certain specified activities with respect to its judgment. For example, the trial court may correct clerical mistakes in the judgment. The trial court may also supervise post-judgment discovery that is conducted to aid in the enforcement of the judgment. In addition, the trial court has both a statutory and an inherent power to enforce its judgment.

> The trial court may not, however, issue an order that is inconsistent with the original judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment after its plenary power has expired.

*Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838-39 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (internal citations & quotations omitted).

In the instant case, the Foster heirs filed a "Motion to Enforce Judgment and Request for Injunctive Relief." The relief sought by the Foster heirs, however, is an implied easement appurtenant—use of Day Road. This appeal turns on whether this motion and request appropriately sought to enforce a prior judgment or if the motion and request sought to litigate new issues and, thus, constituted a new suit.

> The test to determine if a pleading constitutes a suit to enforce a prior judgment, as opposed to a new suit, is whether the suit seeks to litigate new issues and controversies not attempted to be litigated in the prior suit. Such issues and controversies constitute a new suit and not one to enforce a prior judgment.

*New Jersey Bank v. Knuckley*, 637 S.W.2d 920, 921 (Tex. 1982).

The record in *Capps I* reveals that the Foster heirs did not request an easement. Moreover, in *Capps I*, the Foster heirs disavowed any adverse-possession claim against

the Vasquez tract, which contains a portion of Day Road for which the Foster heirs seek an easement. Furthermore, the judgment which the Foster heirs seek to enforce—the *Capps I* judgment—did not purport to grant any of the relief sought in this proceeding. Indeed, the *Capps I* judgment made no reference to an easement involving Day Road. In light of the foregoing, we conclude that the Foster heirs request for an easement in this case sought to litigate a new issue that should be raised in a new suit. *See id.*; *see also Burrage v. Hunt Prod. Co.*, 114 S.W.2d 1228, 1233 (Tex. Civ. App.—Dallas 1938, writ dism'd w.o.j.).[4]

Nevertheless, the Foster heirs contend that the requested easement is an implied easement appurtenant that ran with the property and automatically transferred when they were awarded the property; therefore, it did not matter whether the issue was raised in *Capps I*. *See Severance v. Patterson*, 370 S.W.3d 705, 721 (Tex. 2012); *Drye v. Eagle Rock*

---

[4] In a case with a similar procedural posture, the *Burrage* Court noted the following:

> We are unable to agree with appellants that the suit, denominated a "motion," is one to enforce the judgment of April 4, 1932. Obviously, appellants seek to recover a judgment for oil runs accruing subsequent to the rendition of said judgment, and accounting, the appointment of a receiver and the granting of an injunction, etc., which issues were not involved in the former suit. There is no relief sought by appellants which could not be awarded by any other court of competent jurisdiction. Appellants alleged factual issues which either the appellants or appellees could require a jury to pass thereon; and then, when the factual issues are thus determined, the court entering judgment thereon, either side could take an appeal. This is the identical procedure which would be necessary to follow to obtain the same relief in any other court. It is beyond argument, we think, that appellants in this proceeding are seeking to recover a new judgment, and not the enforcement of the judgment already recovered. The judgment which appellants contend that they are seeking to enforce does not purport to grant any of the relief sought by this proceeding.

*Burrage v. Hunt Prod. Co.*, 114 S.W.2d 1228, 1233 (Tex. Civ. App.—Dallas 1938, writ dism'd w.o.j.).

*Ranch, Inc.*, 364 S.W.2d 196, 203, 207 (Tex. 1962); *see also Shelton v. Kalbow*, 489 S.W.3d 32, 46 n.11 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (noting that an easement appurtenant "automatically" follows the dominant estate, regardless of whether the easement is referenced in the deed); *McDaniel v. Calvert*, 875 S.W.2d 482, 484 (Tex. App.—Fort Worth 1994, no writ) (same). We are not persuaded by this contention.

The Foster heirs must plead and prove the necessity of the implied easement in the trial court to secure a judgment. *See Hamrick v. Ward*, 446 S.W.3d 377, 385 (Tex. 2014) ("Ordinarily, 'parties are restricted in the appellate court to the theory on which the case was tried in the lower court. Accordingly, we procedurally cannot hold that the Wards prevailed on a theory they have not advanced in the trial court." (quoting *Safety Cas. Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238, 245 (1942)); *see also Bowington v. Williams*, 166 S.W. 719, 720 (Tex. Civ. App.—El Paso 1914, no writ) ("Where a party claims an easement as against the owner of the fee, it is incumbent upon him to plead and prove it."). We recognize that the record in *Capps I* contains some testimony about the usage of Day Road to access the four tracts that were awarded to the Foster heirs. However, as noted earlier, the Foster heirs did not plead for an easement in *Capps I*, nor did the judgment in *Capps I* explicitly award the Foster heirs with an easement over the Vazquez tract. *See* TEX. R. CIV. P. 301 (stating that a judgment must conform to the pleadings); *see also Adeleye v. Driscal*, 544 S.W.3d 467, 484 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Furthermore, there is no evidence from the original trial of the parties' "clear intent" to try the

unpleaded easement issue; thus, it cannot be said that the issue was tried by consent. *See Adeleye*, 544 S.W.3d at 484.

We therefore conclude that the trial court's judgment granting the Foster heirs' motion and request for an easement approximately four years after the *Capps I* judgment was entered constituted a material change in the substantive adjudicative portion of the *Capps I* judgment and was entered after the trial court's plenary power expired. *See Custom Corporates, Inc.*, 207 S.W.3d at 838-39; *see also* TEX. R. CIV. P. 329b. And because the trial court's judgment granting the Foster heirs' request for an easement was entered after the trial court's plenary power expired, we further conclude that the trial court lacked jurisdiction to enter the judgment; thus, we hold that the trial court's "Order and Judgment Granting Injunction" is void. *See Custom Corporates, Inc.*, 207 S.W.3d at 838-39. We sustain Capps's first issue.[5]

## III. CONCLUSION

We reverse the trial court's "Order and Judgment Granting Injunction" and render judgment that the "Order and Judgment Granting Injunction" is void.

JOHN E. NEILL
Justice

---

[5] Because we have sustained Capps's first issue, we need not address his remaining issues. *See* TEX. R. APP. P. 47.1, 47.4.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
(Justice Davis dissenting with an opinion)
Reversed and rendered
Opinion delivered and filed August 21, 2019
[CV06]

