**Petition for Writ of Mandamus Conditionally Granted and Opinion filed October 22, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00577-CV

---

## IN RE FLUID POWER EQUIPMENT, INC., PEERLESS ENTERPRISES, AND ROBERT N. SHELL, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-67171**

---

## O P I N I O N

On August 20, 2020, relators Fluid Power Equipment, Inc., Peerless Enterprises, and Robert N. Shell filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Real party-in-interest is Deborah P. Wilson, as Independent Executrix for the Estate of John W. Wilson ("Wilson"). In the petition, relators ask this court to compel the Honorable Tanya

Garrison, presiding judge of the 157th District Court of Harris County, to vacate her June 25, 2020 order granting Wilson's motion to enforce a final judgment confirming an arbitration award.

For the reasons explained below, we hold that the part of the order relators challenge materially changes the trial court's final judgment and is therefore void. Accordingly, we conditionally grant mandamus relief.

## Factual and Procedural Background

Wilson's late husband, John Wilson, was a 50% shareholder of relator Fluid Power Equipment, Inc. ("Fluid Power"). Relator Robert Shell owned the remaining shares. John Wilson and Shell were also equal partners in relator Peerless Enterprises ("Peerless"). Peerless's sole asset was real property at 6305 Cunningham Road, Houston, Texas (the "Property"), where Fluid Power operated its business.

John Wilson died in January 2017. Soon after, Shell made an offer to his estate (through Wilson as representative) to purchase John Wilson's 50% interest in Fluid Power and Peerless.

Wilson refused the offer and sued Shell. Wilson also sued Fluid Power and Peerless for her husband's ownership interest in these entities.

On December 7, 2018, the parties mediated their disputes with mediator Alan Levin. The parties executed a "Confidential Binding Settlement Agreement", subject to the parties finalizing formal settlement documents. Because the parties could not agree on the form and content of those documents, Wilson commenced an

arbitration proceeding. Levin arbitrated the dispute and issued a Final Award on July 22, 2019.

The Final Award's key provisions in dispute for our purposes pertain to the execution of documents regarding a contemplated transfer of the Property from Peerless to Wilson. The Final Award ordered relators to execute a final settlement agreement in the form and containing terms decided by the arbitrator (the "Settlement Agreement"). As part of the Settlement Agreement, relators were to execute a special warranty deed (the "Deed") and a lease (the "Lease") concerning the Property. A unique fact in this case is that the Property—the land and improvements located at 6305 Cunningham Road—is comprised of two separate lots. The parties refer to these lots as the "North Lot" and the "South Lot," and we will use that terminology.[1]

We first refer to the Settlement Agreement and its term relating to the Property. The Settlement Agreement the parties were ordered to sign provides:

2. <u>Transfer of the Property to Wilson</u>. Peerless shall transfer and assign all right, title, and interest in the Property by special warranty deed (attached hereto as Exhibit "A") to 6305 CUNNINGHAM ROAD LLC, a Texas limited liability company, free and clear of any and all incumbrances. Should Peerless fail or refuse to clear any encumbrances that Wilson finds objectionable, Wilson may terminate this Agreement within 3 business days of being notified of any such failure or refusal. Peerless will transfer the Property to 6305 CUNNINGHAM ROAD LLC "as is" and without warranty,

---

[1] The North Lot is vacant land. The South Lot contains improvements—an office building, factory, and warehouse—used by Fluid Power in operating its business. Both the North Lot and the South Lot share a common mailing address: 6305 Cunningham Road, Houston, Texas 77041.

3

save and except as to title.  The closing on the Property shall occur within thirty (30) days of the full execution of this Agreement.

The Settlement Agreement defines the "Property" as the "land and improvements located at 6305 Cunningham Road, Houston, Texas 77041."

According to the Settlement Agreement, Peerless was to transfer all rights in the Property by executing the Deed, attached as Exhibit A.  The Deed, however, describes the real property to be conveyed as only the North Lot.  The South Lot is not included in the legal description of the property to be conveyed.

The Settlement Agreement further requires:

5. Lease of the Property to FPE.  FPE will, contemporaneously with the closing of the transfer of the Property to 6305 CUNNINGHAM ROAD LLC, execute the two-year (2) lease attached hereto for the Property at $10,000 a month in rent, plus property taxes and property maintenance. . . .

The attached proposed Lease defines the "Leased Premises" as the "Land, Building and improvements thereon."  The "Land" is defined based on an attached "legal description" that includes both the North Lot and the South Lot.  The Lease contains an acknowledgement that the "Tenant" was the owner of the Leased Premises but had transferred it to the Landlord (an entity owned by Wilson).  The Lease has many provisions regarding the use of the improved portion of the Property.

Wilson filed a motion to confirm the arbitrator's Final Award.  On December 13, 2019, the trial court signed a "Final Judgment and Order Confirming Arbitration Award" (the "Final Judgment").  The Final Judgment ordered: "That the parties execute Arbitrator's Exhibit 1 to the Award within 3 business days of the date the

4

Final Judgment is signed." The Arbitrator's Exhibit 1 includes the Settlement Agreement, the Deed, and the Lease.

Following the Final Judgment, a dispute arose between the parties as to whether Peerless was required to transfer only the North Lot, as the Deed stated, or both the North Lot and the South Lot. Seeking to resolve this dispute, Wilson filed a motion to enforce judgment. In the motion, Wilson argued that the Deed contained "a mistake" in the property description because it omitted the South Lot. Wilson asked the trial court to interpret and enforce its Final Judgment by (a) ordering Shell to execute a Deed that conveys all the "Property," i.e., both lots, or (b) signing a judgment nunc pro tunc that transfers both lots. Alternatively, Wilson asked the court to remand the matter back to the arbitrator for clarification.[2]

After hearing the motion to enforce judgment, the trial court signed an order on June 25, 2020, granting the motion (the "June 25 Order"). In the June 25 Order, the trial court made the following findings:

1. This Court has the power to enforce its December 13, 2019 final judgment issued against Defendants Fluid Power Equipment, Inc., Peerless Enterprises, and Robert Noble Shell ("Defendants"). The final judgment is not superseded. Defendants must comply with the judgment.

2. Under the December 13, 2019 final judgment signed by this Court, Defendants must execute the Settlement Agreement attached to the Arbitrator's July 22, 2019 Final Award.

3. In order to comply with this Court's December 13, 2019 final judgment, Defendants must convey to Plaintiff the "Property" which

---

[2] The Settlement Agreement includes an arbitration clause by which the parties agree to arbitrate "any dispute regarding the Agreement."

is defined as including both the South ½ of Lot 3 and the North ½ of Lot 4 of Independence Farms, as described in the documents attached to and/or incorporated into the July 19, 2019 Final Award.

4. In order to comply with the Court's December 13, 2019 final judgment, Defendants must pay to Plaintiff all past-due rents owed under the Lease Agreement attached to the July 22, 2019 Final Award, including all penalties and fees and interest applicable thereto.

The trial court ordered:

1. Defendants must convey both the South ½ of Lot 3 and North ½ of Lot 4 of Independence Farms, as described in the documents attached to the July 19, 2019 Final Award to comply with the Court's December 13, 2019 Final Judgment, 2nd paragraph as is and without warranty, save and except as to title.

2. Defendants must pay to Plaintiff all past-due rents owed under the Lease Agreement attached to the July 22, 2019 Final Award, including all penalties and fees and interest applicable thereto in order to comply with the Court's December 13, 2019 Final Judgment.

**Mandamus Standard**

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy at law, such as an appeal. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts.

6

*In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The issuance of a void order is an abuse of discretion. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). When an order is void, the relator need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *Id*.; *see also In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Martinez*, 478 S.W.3d 123, 125 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding).

Orders issued outside of a trial court's plenary power are typically void because a court no longer has jurisdiction to act once its plenary power has expired. *Sw. Bell*, 35 S.W.3d at 605. Further, "[p]ost-judgment orders made for the purpose of enforcing or carrying into effect a prior judgment are not subject to appeal because they are not final judgments." *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 855 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). "Mandamus provides a vehicle for appellate review in these circumstances. . . ." *Id*.

**Analysis**

**A.     Authority of Trial Court to Enforce Its Judgment**

Texas Rule of Civil Procedure 308 grants a trial court authority to interpret and enforce its judgments. *See* Tex. R. Civ. P. 308. Even after its plenary power has expired, a trial court has inherent power to enforce its judgments. *Arndt v. Farris*, 633 S.W.2d

497, 499 (Tex. 1982); *Mitchell v. Turbine Res. Unlimited, Inc*., 523 S.W.3d 189, 197 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

The trial court, however, may not issue an order that is inconsistent with the original judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment after its plenary power has expired. *Custom Corps., Inc. v. Sec. Storage, Inc*., 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Harris Cty. Appraisal Dist. v. West*, 708 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding). Such an order is void. *West*, 708 S.W.2d at 897.

## B.    Abuse of Discretion

The Final Judgment confirms the arbitrator's Final Award and orders the parties to execute "Arbitrator's Exhibit 1 to the Award" and "specifically perform under Arbitrator's Exhibit 1." The Final Award defines the Arbitrator's "Exhibit 1" as including the Settlement Agreement, the Deed, and the Lease.

Relators argue that the June 25 Order materially changes the Final Judgment because the June 25 Order requires Peerless to convey both the North Lot and the South Lot, whereas the Deed Peerless was ordered to execute conveys only the North Lot. Relators therefore assert that the June 25 Order is void to the extent that it requires Peerless to convey the South Lot.

Wilson responds that the trial court reasonably could have reconciled the June 25 Order and the Deed by interpreting the provision in the Settlement Agreement requiring the parties to use "the special warranty deed (attached hereto as Exhibit A)" as meaning that the parties must use the form of the deed attached (i.e., the language describing any

8

conditions on the transfer) but not the precise deed. We are unpersuaded by this argument because the express language of the Settlement Agreement requires transfer by a particular deed with a particular legal description of the property, not by the form of a deed.

Alternatively, Wilson argues that the Final Judgment is ambiguous because it orders the execution of documents that are inconsistent. Specifically, Wilson notes on the one hand that the Deed conveys only the North Lot. The Lease, on the other hand, defines the "Leased Premises" as the "Land, Building[,] and improvements thereon." The attached legal description of the "Land" that is leased includes both lots. The Lease contains an acknowledgement that the "Tenant" was the owner of the Leased Premises but had transferred it to the Landlord. Further, the Lease requires 6305 CUNNINGHAM ROAD LLC (an entity owned by Wilson) to lease property consisting of both lots. Wilson argues that her performance of the Lease is an impossibility unless the South Lot is transferred to her because she cannot lease property that she does not own. Nor does it make sense for Fluid Power to pay Wilson rent for the South Lot if that property is owned by Peerless, not Wilson. Wilson argues this same inconsistency exists within the Settlement Agreement because it requires Peerless to transfer title to the Property through a Deed that conveys only the North Lot, but requires Fluid Power to execute a Lease of property consisting of both lots.

Wilson also argues that the transfer provision contained in the Settlement Agreement is internally inconsistent. This provision states:

> 2. <u>Transfer of the Property to Wilson</u>. **Peerless shall transfer and assign all right, title, and interest in the Property by special warranty deed**

(attached hereto as Exhibit "A") to 6305 CUNNINGHAM ROAD LLC, a Texas limited liability company, free and clear of any and all incumbrances. Should Peerless fail or refuse to clear any encumbrances that Wilson finds objectionable, Wilson may terminate this Agreement within 3 business days of being notified of any such failure or refusal. **Peerless will transfer the Property to 6305 CUNNINGHAM ROAD LLC "as is" and without warranty, save and except as to title**. The closing on the Property shall occur within thirty (30) days of the full execution of this Agreement.

(Emphasis added). The "Property" is defined as "the land and improvements located at 6305 Cunningham Road, Houston, Texas 77041" owned by Peerless. It is undisputed that Peerless owns two lots at the 6305 Cunningham Road location and that the improvements are exclusively on the South Lot. Thus, Wilson argues that the first bolded sentence (which requires Peerless to transfer title by a Deed that conveys only the North Lot) conflicts with the second bolded sentence (which requires Peerless to transfer the entire Property, defined as including both the North and South Lots).

Wilson argues that these inconsistencies create an ambiguity in the Final Judgment that the trial court could resolve under the authority granted it under Rule 308 to interpret and enforce its judgment, and the trial court properly did so in the June 25 Order.

We disagree because the inconsistency Wilson cites exists not within the Final Judgment, but within the documents that the arbitrator ordered the parties to execute. The Final Judgment simply and unambiguously orders the parties to do what the arbitrator ordered them to do: execute the Settlement Agreement, the Deed, and the Lease. When, as here, a final judgment is unambiguous, we give effect to the judgment's literal language. *See Walter*, 422 S.W.3d at 858-60.

10

In the June 25 Order, the trial court correctly found that it has the power to enforce the Final Judgment, that the parties must comply with that judgment, and that relators "must execute the Settlement Agreement attached to the Arbitrator's July 22, 2019 Final Award." In this regard, the June 25 Order clearly is consistent with the Final Judgment.

The same cannot be said for the part of the June 25 Order at issue, however, that requires relators to convey the South Lot. By imposing an obligation to transfer the South Lot, the trial court was not interpreting its Final Judgment but was resolving a dispute between the parties regarding the proper interpretation of the documents comprising the Arbitrator's Exhibit 1. This constitutes a material change in the substantive adjudicative portions of the Final Judgment because it adjudicates a controversy not previously resolved by the arbitrator. *See Custom Corps., Inc.*, 207 S.W.3d at 839. That part of the June 25 Order also imposes obligations that do not emanate from the Final Judgment because the duty to transfer the South Lot is not reflected in the Final Judgment's terms. Accordingly, the part of the June 25 Order that compels relators to transfer the South Lot is void.[3] *See id.*; *West*, 708 S.W.2d at 896-97. Additionally, relators need not show that they lack an adequate remedy by appeal, and mandamus relief is appropriate. *See In re Vaishangi, Inc.*, 442 S.W.3d at 261.

We therefore conditionally grant the petition for writ of mandamus and direct the trial court to vacate the part of the June 25 Order that compels relators to transfer

---

[3] We confine our opinion in this manner because relators do not contest the obligation to transfer the North Lot. Further, we do not address the part of the June 25 Order compelling relators to pay past-due rent under the Lease because relators have not argued that provision departs materially from the Final Judgment.

11

the South Lot. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.



/s/     Kevin Jewell
        Justice

Panel consists of Justices Christopher, Jewell, and Zimmerer.

12