John J. EIKENBURG, Relator,

v.

The Honorable Robert S. WEBB, III,
Judge of the 312th District Court,
Harris County, Texas, Respondent.

Katherine TYRA, District Clerk, Harris
County, Texas, Relator,

v.

The Honorable John MONTGOMERY,
Judge of the 309th District Court,
Harris County, Texas, Respondent.

Nos. 01–93–00278–CV, 01–93–00284–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 10, 1993.

Cheryle R. Johnston, John Eikenburg, Houston for relator.

Robin M. Ziek, C. Don Gutmann, David Gray, John Miller Denton, Houston for respondent.

Before DUNN, WILSON and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

The Court today considered two mandamus proceedings, both involving a dispute over which of two Harris County, family district courts has authority to disburse a fund of $49,064.45. Katherine Tyra, District Clerk for Harris County, Texas, brings the first mandamus proceeding, and John J. Eikenburg brings the other.

This dispute arose when Eikenburg, acting as a receiver, in cause number. 88–11010–A, in the 309th District Court, demanded and received, on behalf of Dian Hartwell, from Tyra the $49,064.45 that was in the registry of the 312th District Court under cause number. 90–14899.

In the first mandamus proceeding, Tyra asks this Court to compel Eikenburg to repay the subject $49,064.45 to the registry of the 312th District Court. In the second mandamus proceeding, Eikenburg requests this Court to set aside a temporary restraining order issued by respondent the Honorable Robert S. Webb, III, Judge of the 312th District Court that prohibited Eikenburg from making any withdrawals or disbursements from the subject funds in connection with cause number. 88–11010–A.

■ Mandamus is a proper remedy to settle a conflict of jurisdiction between courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974); *Hardy v. McCorkle*, 765 S.W.2d 910, 913 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

782

Under Texas Local Government Code Annotated, section 117.121 (Vernon Supp. 1993) money cannot be paid out of the registry of a court except on written evidence of the order of the judge of the court in which the funds have been deposited, authorizing the disbursement of the funds. On the basis of this statute, we were of the tentative opinion that Tyra's mandamus should be granted. We granted her motion for leave to file her petition for writ of mandamus and ordered Eikenburg to put the funds back in the registry of the 312th District Court under cause number. 90–14899 pending further order of this Court. All parties agree that the funds are now in the registry of the 312th District Court under that cause number pursuant to our temporary order staying disposition of the funds.

Because the judge of the 312th District Court first ordered the funds to be deposited with his court, only that court has authority to disburse these funds. TEX. LOCAL GOV'T CODE ANN. § 117.121 (Vernon Supp.1993). Therefore, we hold that the 312th District Court has jurisdiction over the funds on deposit in its court and no other court may interfere with the funds until disbursed by the 312th District Court. Thus, the portion of Tyra's petition praying for the repayment of the $49,064.45 into the registry of the 312th District Court under cause number 90–14899 is granted.

In light of the fact that the funds are presently in control of the 312th District Court and our disposition of this matter as stated above, we do not address Tyra's other request for relief. Neither do we address Hartwell's complaint about the dismissal of her intervention in cause number 90–14899 in the 312th District Court, as it is properly a matter for appeal. *See, e.g., Texas Supply Center, Inc. v. Daon Corp.,* 641 S.W.2d 335 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Eikenburg's petition for writ of mandamus is denied. We deny Eikenburg's motion for partial relief from the stay. The temporary stay of the disbursal of the funds, which we granted, is lifted.