Opinion issued August 12, 2014



In The

# Court of Appeals

For The

# First District of Texas

—————————————

NO. 01-13-00460-CV

—————————————

**DOROTHY R. SCHROEDER, Appellant**

**V.**

**LND MANAGEMENT, LLC, Appellee**

On Appeal from County Court at Law No. 4
Fort Bend County, Texas
Trial Court Case No. 12-CCV-049264

# O P I N I O N

Appellant, Dorothy R. Schroeder, challenges the portion of the county court's post-judgment order disbursing $4,000 of her $8,000 appeal bond funds as damages to appellee, LND Management, LLC ("LND"), after LND prevailed in its forcible detainer suit against her. In two issues, Schroeder contends that the county

court erred in granting, outside its plenary power, relief that is inconsistent with the final judgment and lacks "sufficient legal or factual support."

We vacate and dismiss in part, and reverse and render in part.

## Background

After Schroeder defaulted on the terms of a deed of trust which secured payment of the note on her real property located in Sugarland, the property was posted for foreclosure and sold to LND at public auction. When Schroeder refused to vacate the property, LND filed a petition for forcible detainer in a justice court. In its petition, LND requested "back rent in the amount of $2,200 as calculated at the time of filing [September 20, 2012]," "judgment for rent accruing from the date of filing and becoming due thereafter," reasonable attorney's fees, and costs. The justice court held that LND was entitled to possession of the premises, ordered that LND recover from Schroeder $4,000 "as rent," and set an appeal bond of $8,000. Schroeder deposited $8,000 into the registry of the court, and she appealed to the county court for a trial de novo.

At trial, the county court admitted into evidence a certified copy of a substitute trustee's deed showing LND as the owner of the property; a certified copy of the deed of trust showing that Schroeder, by holding over following foreclosure, was a tenant at sufferance; and an affidavit showing that LND sent Schroeder a notice to vacate. LND asserted that it was "seeking a judgment of

2

possession only." The county court granted LND possession of the property and ordered that each party bear its own costs. Schroeder surrendered the property to LND, and neither party appealed.

Subsequently, Schroeder moved for disbursement of her appeal bond. At a hearing on her motion, Schroeder argued that the full amount of her $8,000 bond should be returned to her because LND "didn't seek in their pleadings any money damages" and "didn't offer any evidence" regarding damages at trial in the county court. She further noted that the county court did not, in its judgment, award LND any damages or attorney's fees. In response, LND conceded that "no money [had been] awarded" and "[t]here really couldn't be any past due rents or anything like that awarded." Nevertheless, LND requested that it be awarded the full amount of Schroeder's bond based on a "reasonable rent value" of "[one] percent of the sales price" of the property for each of the eight months that she had occupied the property after foreclosure. The county court declined, noting that LND "didn't sue for it" and explaining that it would not "award money [for] something that [was] not pled." The following discussion then took place:

| | |
|---|---|
| [LND]: | . . . I understand if you want to split the baby and give half and half, or even some different . . . percentage, but, Your Honor, I don't think [Schroeder is] entitled to . . . the fruits of holding over the property for eight months. |
| THE COURT: | Well, there is some argument there. |

[Schroeder]: There would have been, Judge, if they would have brought it up at trial.

. . . .

THE COURT: You want me to kill the baby. All right, I'm going to split the difference between you guys. Four and four. I think that's fair. . . . That way I can give everybody something. . . .

The county court then issued an "Order to Disburse Funds," awarding $4,000 to LND, "as use and occupancy on the property" from August 2012 through March 2013, and returning the remaining $4,000 to Schroeder. It is from this order that Schroeder appeals.

## Disbursement Order

In her first issue, Schroeder argues that the county court "committed a clear abuse of discretion when, acting without plenary jurisdiction, it signed a post-judgment order inconsistent with, and constituting a material change in, substantial adjudicated portions of the judgment."

Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A trial court retains jurisdiction for a minimum of thirty days after it signs a judgment to vacate, modify, correct, or reform its judgment. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *see also* TEX. R. CIV. P. 329b(c), (e) (providing certain post-judgment motions extend period of plenary power). Once

the trial court's plenary power expires, it generally lacks jurisdiction to act and any orders it issues are typically void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). Outside its plenary power, the actions that a trial court may take with respect to its judgment are limited. *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (noting trial courts retain constitutional jurisdiction to perform certain collateral duties).

For example, notwithstanding the expiration of its plenary power, a trial court may act to enforce its judgment or correct clerical errors. *See* TEX. R. CIV. P. 308, 316, 329b(f). Further, "[f]unds on deposit in the registry of a trial court are always subject to the control and order of the trial court, and the court enjoys great latitude in dealing with them." *Madeksho*, 112 S.W.3d at 686 ("Indeed, they must have such jurisdiction; they cannot simply toss the money back out the clerk's window."). A trial court "unquestionably ha[s] quasi in rem jurisdiction to determine who owns funds tendered into [its] registry." *Id.* (citing *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 29 (Tex. 1998)). "[M]oney cannot be paid out of the registry of a court except on written evidence of the order of the judge of the court in which the funds have been deposited, authorizing the disbursement of the funds." *Eikenburg v. Webb*, 880 S.W.2d 781, 782 (Tex.

5

App.—Houston [1st Dist.] 1993, orig. proceeding) (citing Tex. Loc. Gov't Code Ann. § 117.121 (Vernon 2008)).

In performing its collateral duties, however, a trial court may not issue an order outside of its plenary power that is inconsistent with the original judgment or otherwise constitutes "a material change in the substantive adjudicative portions of the judgment." *Custom Corporates, Inc.*, 207 S.W.3d at 839. And such post-judgment orders may not require the performance of obligations in addition to "the obligations imposed by the final judgment." *Id.*; *Bank One, N.A. v. Wohlfahrt*, 193 S.W.3d 190, 194–95 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, the county court signed its final judgment on April 4, 2013; its plenary power expired on May 6, 2013; and it signed its disbursement order fourteen days later, on May 20, 2013. *See* Tex. R. Civ. P. 329b(d). Its plenary power having expired, the county court possessed inherent power to issue an order disbursing the funds from its registry, subject to the limitation that its order not be inconsistent with its final judgment or impose obligations in addition to those reflected in its final judgment. *See Custom Corporates, Inc.*, 207 S.W.3d at 839; *Cook v. Stallcup*, 170 S.W.3d 916, 920–21 (Tex. App.—Dallas 2005, no pet.) (holding trial court's denial of motion to release funds from its registry constituted error because action inconsistent with its final judgment); *Madeksho*, 112 S.W.3d at 686.

LND, at trial in the county court, asserted that it was "seeking a judgment of possession only," and it presented evidence to support its alleged superior right of possession. The county court granted possession to LND without awarding it any damages or attorney's fees. It further ordered that each party pay its own costs. LND did not appeal. At the hearing on Schroeder's motion to disburse her bond, LND conceded that it could not "plead for past due rent or use and possession," and it admitted that it had not requested damages for unpaid rent. Nevertheless, the county court, in its post-judgment disbursement order, granted LND $4,000 "as use and occupancy on the property" from August 2012 through March 2013.

We conclude that the disbursement order, which imposes an obligation on Schroeder to pay $4,000 in damages to LND, is wholly inconsistent with, and in addition to, the obligations set forth in the county court's final judgment, wherein it awarded no damages to LND.[1] *See Cook*, 170 S.W.3d at 920–21; *see also Custom Corporates, Inc.*, 207 S.W.3d at 839. Accordingly, we hold that the county court

---

[1] Although the justice court in its final judgment awarded LND $4,000 in damages, it is well-settled that perfection of an appeal to a county court for a trial de novo vacates and annuls the judgment of the justice court; the county court does not review the justice court's action. *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). In a trial de novo in a forcible-detainer proceeding in county court, a party is "permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal." TEX. R. CIV. P. 510.11; *see Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

erred in ordering that $4,000 of Schroeder's bond funds be disbursed to LND, rather than back to Schroeder.

We sustain Schroeder's first issue.[2]

## Conclusion

We vacate the portion of the county court's Order to Disburse Funds directing that $4,000 of Schroeder's bond funds be disbursed to LND, and we dismiss that portion of the case. We reverse the portion of the Order to Disburse Funds directing that only $4,000 of Schroeder's bond funds be disbursed to her, and we render an order directing that the Clerk of the Court shall pay the entire $8,000 in the Registry of the Court to Dorothy R. Schroeder, including all interest accrued thereon.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

---

[2] Having sustained Schroeder's first issue, we do not reach her second issue, in which she asserts that, "[t]he trial court, even if deemed to have acted within its plenary jurisdiction, abused its discretion" in signing a post-judgment order "without sufficient legal or factual support."