**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00487-CV**
_____

**IN THE ESTATE OF DONNA FELLS**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 109304**

**MEMORANDUM OPINION**

This appeal arises from a dispute involving the administration of an estate. In her brief, Margy Rand, the independent executor of the Estate of Donna Fells, raises two issues that complain about the trial court's November 2017 order releasing funds trapped in the registry of the court. The funds came from the proceeds of a sale of real property, which was owned in common by the Estate, Daniel Fells, Jr., and Daniel's wife.

1

In her first issue, Rand argues the trial court no longer possessed plenary power over the funds when the court distributed them to Daniel. In issue two, Rand argues the trial court's order distributing the funds is void because the funds in the court's registry belonged to the Estate. We affirm.

Background

Donna Fells died in 2013. After Donna died, Daniel, Donna's stepson, sued Rand in her capacity as the executor of Donna's estate and asked the trial court to partition a parcel of real property that he and his wife owned in common with the Estate.[1] Daniel also sued Rand to collect what he claimed represented his share of the rents the Estate collected from tenants who were renting a building on the property. Finally, Daniel sued the Estate for the taxes he paid on the property, which he claimed should have been paid by the Estate.

Following a bench trial in May 2016, the trial court resolved the parties' claims. The judgment the court issued following the trial includes language of finality. No one appealed from the trial court's October 2016 final judgment.

---

[1] *In the Estate of Fells*, No. 09-12-00569-CV, 2013 Tex. App. LEXIS 13203, at *2-4 & n.1 (Tex. App.—Beaumont Oct 24, 2013, pet. denied) (In the opinion in 2013, we noted the trial court severed the claims surrounding the property held in common—the claims now at issue here—into a separate cause.) The severed claims resulted in the current appeal.

In the judgment, the trial court found the property the parties owned in common could not be divided and ordered the property sold. The judgment also gave Daniel relief on some of his other claims. Daniel was awarded $52,200[2] for his share of the rents the court found the Estate owed him. The judgment also awards Daniel $2,078, the amount Daniel claimed he paid in taxes on behalf of the Estate.

The judgment set out how any money resulting from the future, court-ordered sale would be divided. The judgment provides:

> [T]he net proceeds from the sale shall be divided as follows: First, [Daniel] shall receive 75% of the net proceeds; Second, the remaining 25% of the net proceeds, allocated as [the Estate's] share, shall be deposited into the registry of the court for further distribution by the Court.

As relevant to the issues in this appeal, the judgment provides that Daniel would be paid first from the proceeds of the future, court-ordered sale. It did so, as follows:

> If the sale proceeds are not sufficient to pay these items, it is further ORDERED that [Daniel] have judgment against the [Estate] . . . for the balance due [Daniel].

About a year after the trial court ordered the property to be sold, the sale occurred. The proceeds from the sale, less expenses, were $87,850. As directed by

---

[2] To simplify the math, we have rounded all figures in the opinion to the nearest round number.

the judgment, the title company handling the sale deposited the Estate's share of the proceeds, $21,851, into the registry of the court. Within a month, Rand moved to release the funds. Daniel objected, arguing that based on the judgment, he was entitled to be paid first from the funds.

In November 2017, the trial court conducted an evidentiary hearing on the Estate's motion. At the conclusion of the hearing, the court issued an order denying the motion. In the same order, the court disbursed $21,851 (the Estate's share of the funds trapped from the court-ordered sale) to Daniel. The Estate appealed from the order disbursing the funds, complaining the trial court should not have distributed the funds to Daniel.

Issues

In two appellate issues, the Estate challenges the trial court's jurisdiction over the funds the court distributed in its November 2017 order. In issue one, the Estate argues that, by the time the trial court ordered the funds released, the trial court no longer had plenary power to alter the terms of the October 2016 judgment. The Estate concludes that the order releasing the funds is void. In issue two, the Estate argues the trial court did not have subject-matter jurisdiction over the funds because the Legislature gave independent executors—not courts—the right to decide how property that belongs to estates should be distributed.

4

Plenary Power to Alter a Final Judgment

We review appellate issues challenging a trial court's subject-matter jurisdiction using a de novo standard of review.[3] In its appeal, the Estate argues the trial court's order distributing the funds is void because the trial court signed the order after its plenary power to alter the final judgment of October 2016 expired.

Once signed, trial courts have only a limited period of time in which to alter a final judgment. Generally, absent a party filing a timely motion for new trial, the Rules of Procedure allow a trial court thirty days from the date of the final judgment to vacate, modify, correct, or reform a judgment.[4] If a party files a timely motion for new trial, the Rules of Civil Procedure expand that window for an additional thirty days, which begins to run on the date the post-judgment motion to vacate, modify, correct, or reform the judgment is overruled.[5] If the trial court's plenary power expires before it changes the judgment, the court's "judgment cannot be set aside by the trial court except by bill of review[.]"[6]

---

[3] *See Worsdale v. City of Killeen*, 578 S.W.3d 57, 66 (Tex. 2019); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986).

[4] Tex. R. Civ. P. 329b(d).

[5] *See id*. 329b(e).

Thus, a trial court cannot make a judicial change in a final judgment after losing its plenary power over the judgment.[7] A judgment signed by a court that no longer has plenary power to change its final judgment is void. According to the Estate, the trial court's November 2017 order distributes the funds in a way that differs from the distribution required by the final judgment. For that reason, the Estate concludes the November 2017 order is void.

Trial courts do have the power to issue post-judgment orders that enforce their judgments.[8] A trial court's enforcement power lasts "until the judgment is satisfied."[9] But such orders (absent the court still having plenary power of the judgment) may not contain terms inconsistent with the terms of the judgment. Put another way, a trial court may not, by order, materially change "the substantive adjudicative portions of" a final judgment that it no longer has plenary power to alter.[10]

---

[6] *Id*. 329b(f).

[7] *See In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018); *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013).

[8] Tex. R. Civ. P. 308; *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018).

[9] *Chevron Phillips*, 540 S.W.3d at 581 (cleaned up).

Here, the order at issue in the appeal distributed funds trapped in the registry of the court. Such orders, disbursing funds held in the registry, are allowed when they enforce an earlier-filed judgment.[11] In other words, funds deposited into the court's registry "are *always* subject to the control and order of the trial court, and the court enjoys great latitude in dealing with them."[12]

Analysis

The trial court signed a final judgment in which it required the property to be sold. When the property sold, the title company deposited the Estate's share of the proceeds into the registry of the court. None of the parties appealed from the October 2016 judgment, and it became final. Regardless of that judgment's finality, however, the trial court had subject-matter jurisdiction over the funds trapped in the court's registry so long as the court distributed them in a manner that was consistent with its judgment.[13]

---

[10] *Custom Corporates, Inc.*, v. *Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (cleaned up).

[11] *Schroeder v. LND Mgmt., LLC*, 446 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

[12] *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 687 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (cleaned up).

[13] *Schroeder*, 446 S.W.3d at 98; *Custom Corporates*, 207 S.W.3d at 839.

In our opinion, the distribution the court made is consistent with the judgment. The judgment directed the net proceeds payable to the Estate from the sale to be paid into the registry of the court. Importantly, the judgment created a preference in the proceeds of the sale to satisfy the obligation the trial court determined the Estate owed Daniel for taxes and back-due rent.[14] We overrule the Estate's first issue.

In issue two, the Estate argues the trial court did not possess subject-matter jurisdiction over the funds trapped in the registry of the court. According to the Estate, the Estates Code gives independent executors of estates, not courts, the right to decide how to use the assets that belong to estates.[15] But regardless of the merit (or lack of merit) in that argument, the preference the trial court created existed by virtue of the terms the trial court chose to place in its final judgment. The judgment became final when the Estate failed to appeal from the final judgment.

If creating a preference favoring Daniel was an error, it was a judicial one. As such, the alleged error could have been challenged by the Estate had it pursued an appeal.

---

[14] As previously explained, the trial court's October 2016 judgment awarded Daniel a priority in the funds generated from the court-ordered sale.

[15] *See* Tex. Estates Code Ann. §§ 22.031(b), 402.001.

The doctrine of res judicata forecloses the Estate from now attempting to relitigate whether the final judgment contains an error that gave Daniel a preference in the funds generated by the sale, but that is an error in the 2016 judgment which the Estate could have appealed.[16] The Estate simply allowed the October 2016 judgment to become final.[17] Thus, we have no jurisdiction to consider the Estate's complaint alleging the trial court should not have given Daniel priority in the proceeds from the court-ordered sale.[18] We dismiss the Estate's second issue for want of jurisdiction.

## Mandamus

In two issues, in arguments like those raised in its appeal, the Estate suggests the trial court abused its discretion by distributing the funds to Daniel. But we reached the Estate's complaints to resolve its challenges to the order distributing funds, as that order was subject to being appealed. For that reason, we need not address the Estate's conditional request asking that we treat its brief as a petition for mandamus relief.[19]

---

[16] *See Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971).

[17] *See* Tex. R. App. P. 26.1.

[18] Tex. R. App. P. 42.3(a), 43.2(f).

9

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 1, 2019
Opinion Delivered November 21, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[19] *See Cook v. Stallcup*, 170 S.W.3d 916, 919-20 (Tex. App.—Dallas 2005, no pet.) (explaining that, because post-judgment order enforcing the court's judgment function like judgments, they can be appealed).