# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00115-CV

---

**Ellen L. Adams and Steven Adams, Appellants**

**v.**

**Bhavna Godhania and Vikas Godhania, Appellees**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-18-001092, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellants Ellen L. Adams and Steven Adams appeal from the trial court's order disbursing a cash bond that was posted to supersede enforcement of a forcible-entry-and-detainer judgment in favor of appellees Bhavna Godhania and Vikas Godhania. In two issues on appeal, appellants assert that the trial court: (1) erred in setting any supersedeas "where the prevailing appellee never made a claim for, nor offered proof of, damages and the judgment appealed from awarded neither damages, costs nor attorney fees"; and (2) abused its discretion in calculating the amount of supersedeas and in disbursing the entire amount of supersedeas to appellees. We will affirm the trial court's order in part and reverse and render in part.

## BACKGROUND

In December 2017, appellees filed suit to evict appellants from appellees' home, which appellees had purchased from Bank of America in November 2017.[1] Appellees prevailed before the justice of the peace, and appellants appealed to the county court at law (the trial court). The justice of the peace set a total bond of $7,000 pending appeal to the trial court.

During the hearing before the trial court in April 2018, appellees presented evidence as to the value of their property at that time. Vickie Karp, an Austin realtor, testified that the "probable market value" of the property was in the range of 1.3 to 1.4 million dollars. She also testified that the property had a rental value of approximately $6,000 per month. Vikas Godhania testified that appellees had paid approximately $33,000 in taxes on the property, that HOA fees were approximately $100 per month, and that appellees were paying approximately $3500-$3600 per month to live elsewhere during the time that appellants remained in possession of their property. Godhania testified that based on discussions with his lawyer, he was concerned that the appeal could last up to eighteen months and that the bond amount would not be sufficient to cover his expenses during that time.

---

[1] Appellants purchased the property in 2006 and stopped making payments on the promissory note in 2009. *See Adams v. Godhania*, No. 03-18-00371-CV, 2019 WL 2293572, at *1 (Tex. App.—Austin May 30, 2019, pet. denied) (mem. op.). Bank of America, which serviced the note, foreclosed on the property in 2012 and attempted to evict appellants in 2016. *Id*. Appellants prevailed in justice court, but Bank of America prevailed on appeal in the county court at law, and appellants appealed to this Court. *Id*. While that appeal was pending, Bank of America sold the property at auction to appellees. *Id*. The pending appeal, which had since been transferred to the 14th District Court of Appeals in Houston, was dismissed by agreement of the parties, and the trial court's judgment in favor of Bank of America was vacated, leaving appellants in possession of the property. *See id*.; *see also Adams v. Bank of Am., N.A.*, No. 14-17-00578-CV, 2018 WL 614780, at *1 (Tex. App.—Houston [14th Dist.] Jan. 30, 2018, no pet.) (per curiam) (mem. op.) (dismissing appeal).

During her closing statement, counsel for appellees argued that the appeal could take approximately two years to complete and asked the trial court to set bond at an amount that "bears a resemblance to the market value of the property." She explained,

> To the extent that there is a bond issued, Your Honor, we're respectfully requesting that the numbers of 6,000 or above be considered. Tax expenses alone on this property are at least 2,000 a month right off the top. This is an affluent neighborhood. There's a swimming pool. It's over 6,000 square feet. There's six bedrooms. It's a high-quality home on the proper side of the street with a greenbelt. . . . [T]o the extent there's an appeal, Your Honor, [we ask] that an immediate bond be set in a total amount to be remitted to the court in one lump sum, Your Honor, of approximately $144,000, which would be a value transaction of $6,000 a month for 24 months, Your Honor.

In response, counsel for appellants did not address the specific amount of bond requested by appellees but argued that the bond should not be punitive, requested that the trial court permit appellants to make monthly payments instead of a lump sum, and asked that the trial court set the bond amount based on a percentage of the value of the property.

After taking a brief recess, the trial court made its ruling in favor of appellees' right to possession of the property. Regarding the amount of bond, the trial court stated that it believed that appellees' estimate of $144,000 was "actually low" and set the total amount of supersedeas at $168,000, "[n]ot to be paid over time. It's going to be paid up-front." The trial court also ruled that the $7,000 bond posted in the justice court would be credited to that amount. No findings of fact or conclusions of law were requested or made. Appellants appealed the trial court's judgment as to possession of the property, *see Adams v. Godhania*, No. 03-18-00371-CV, 2019 WL 2293572, at *1 (Tex. App.—Austin May 30, 2019, pet. denied) (mem. op.), but raised no issue as to either the amount of supersedeas or the trial court's order that it be paid as a lump sum. Appellants deposited the total amount owed into the trial court's registry.

3

In May 2019, this Court affirmed the trial court's judgment as to possession. *See id.* Appellants filed a motion for rehearing in this Court, which was denied in July 2019, and, in late September 2019, filed a petition for review in the Texas Supreme Court. While appellants' petition for review was pending, appellees filed a motion to increase the bond amount, arguing that as a result of the petition, the duration of the appeal "could extend well into the foreseeable future." The trial court granted the motion and ordered appellants to deposit an additional $22,800 into the registry of the court within ten days of the order and an additional $7,600 each month thereafter "until the conclusion of any pending appellate proceedings." In response, appellants filed an emergency motion for temporary relief in the Texas Supreme Court, which denied the motion. Appellants did not pay the additional amount of bond, and appellees filed a motion for writ of possession, which the trial court granted on December 6, 2019. One week later, the Texas Supreme Court denied appellants' petition for review. Appellants surrendered possession of the property immediately thereafter.

On January 20, 2020, appellees filed a motion to release the bond. Following a hearing, the trial court granted the motion and ordered the release to appellees of "the full amount of the funds deposited into the registry of the court plus any applicable interest." Appellants have appealed from that order.

## STANDARD OF REVIEW

The setting of a supersedeas bond is reviewed for abuse of discretion. *Haedge v. Central Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020). "Under an abuse of discretion standard, we defer 'to the trial court's factual determinations if they are supported by evidence,' but review legal determinations de novo." *Id.* (quoting *Stockton v. Offenbach*,

4

336 S.W.3d 610, 615 (Tex. 2011)).  A trial court abuses its discretion "when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case," or "when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles."  *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

## DISCUSSION

**Entitlement to supersedeas**

In their first issue, appellants assert that the trial court abused its discretion in awarding *any* amount of supersedeas because appellees failed to plead or prove any damages that they suffered during the pendency of the appeal.  As support for this argument, appellants rely on Texas Rule of Civil Procedure 510.11, which provides that in an eviction proceeding that is appealed de novo from the justice court to the county court:

> On the trial of the case in the county court the appellant or appellee will be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal.  Damages may include but are not limited to loss of rentals during the pendency of the appeal and attorney fees in the justice and county courts provided, as to attorney fees, that the requirements of Section 24.006 of the Texas Property Code have been met.  Only the party prevailing in the county court will be entitled to recover damages against the adverse party.  The prevailing party will also be entitled to recover court costs and to recover against the sureties on the appeal bond in cases where the adverse party has executed an appeal bond.

Tex. R. Civ. P. 510.11.  According to appellants, appellees "have not pled, either in the JP court or in the County Court at Law, for any award of damage[s] or attorney's fees."  Instead, appellees sought only possession of the property.  Additionally, appellants claim, appellees presented no evidence of "actual 'loss of rentals' or even speculation of 'loss of rentals,'" and, moreover, appellees "could not suffer a loss of rentals" because they did not intend to rent the

5

property to others. Thus, in appellants' view, appellees "have suffered no loss, and are not entitled to any of the bond."

Appellants' argument misconstrues the nature of supersedeas. The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken, *see In re Texas Educ. Agency*, 619 S.W.3d 679, 683 (Tex. 2021), and to provide protection, or "security," to the judgment creditor (i.e., the appellees here) pending any such appeal, *see Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 262 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd); *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ). When the judgment is for the recovery of an interest in real property, as it was here, the amount of security must be "at least" the value of the property interest's rent or revenue. Tex. R. App. P. 24.2(a)(2)(A). Moreover, "[a] trial judge is given broad discretion in determining the amount and type of security required." *Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.). Contrary to appellants' assertion, the trial court, in exercising that discretion, is not limited to damages:

> In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

Tex. Prop. Code § 24.007.

Here, appellees provided evidence that the property had a rental value of approximately $6,000 per month, which the trial court could have reasonably inferred

6

corresponded to the "value of rents likely to accrue during appeal."[2] Thus, the trial court would not have abused its discretion in finding that appellees were entitled to recover "at least" that amount of supersedeas. *See id.*; Tex. R. App. P. 24.2(a)(2)(A).

In contending otherwise, appellants rely primarily on *Haedge v. Central Texas Cattlemen's Association*, 603 S.W.3d at 825–29. *Haedge* involved Rule 24.2(a)(3), which governs supersedeas "[w]hen the judgment is for something other than money or an interest in property." Tex. R. App. P. 24.2(a)(3). In such cases, "[t]he security must adequately protect the judgment creditor against loss or damage that the appeal might cause." *Id.* The issue in *Haedge* was how to calculate "loss or damage." 603 S.W.3d at 825. Appellee Central Texas Cattlemen's Association (CTCA) had leased land from the United States Army for the purpose of grazing cattle. *Id.* Membership in CTCA was open only to descendants of the original landowners, who were allotted shares that determine how many head of cattle each was allowed to pasture on the land. *Id.* CTCA collected dues from members in proportion to their shares to pay for its costs and the lease fees. *Id.* Appellant Haedge Group (Haedge) was a group of cattle ranchers whose membership shares in CTCA had been canceled. *Id.* at 825–26. Haedge sued CTCA for breach of contract and other causes of action and lost at trial. *Id.* at 826. The trial court allowed Haedge to suspend the judgment on appeal by posting a $2,500 supersedeas bond, which was challenged by CTCA. *Id.* The appellate court affirmed the order but increased the amount of supersedeas from $2,500 to $132,400. *Id.* The appellate court calculated that amount based on evidence that

---

[2] On appeal, appellants assert that the evidence of the property's rental value, i.e., the testimony of Austin realtor Vickie Karp, was "irrelevant" because Karp was not an appraiser or a leasing agent. Appellants did not object to the admissibility of Karp's testimony in the court below, *see* Tex. R. App. P. 33.1(a)(1), and even if they had, we could not conclude on this record that the trial court abused its discretion in finding that the evidence was relevant, *see* Tex. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.").

7

it would cost Haedge approximately $66,200 per year to lease alternative land upon which to graze their cattle and the court's estimation that Haedge's appeal would last approximately two years. *Id*. The Texas Supreme Court reversed, concluding that Rule 24.2(a)(3) "requires calculating the 'loss or damage' that the judgment creditor—CTCA here—faces during the appeal, not the avoided losses or other benefit that might accrue to the judgment debtor if the judgment is superseded." *Id*. at 827. Thus, "[t]he court of appeals erred by calculating CTCA's damages based on the Haedge Group's estimated cost to lease alternative grazing pastures." *Id*. at 828.

That is not what occurred here. There is no indication in the record that in calculating the amount of supersedeas, the trial court improperly considered "the avoided losses or other benefit that might accrue to the judgment debtor if the judgment is superseded." Instead, as the trial court explained when making its ruling, it considered the factors under Texas Property Code section 24.007, including the value of rents likely to accrue during appeal:

> [O]n the supersedeas bond, I reviewed, once again, Texas Property Code 24.007. And the wording there is in setting the supersedeas bond, the county court shall provide protection for the appellee to the same extent as in any other appeal. Take into consideration the value of rents likely to accrue during appeal, damage which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

> And I think that the testimony makes it clear that the property, obviously, has value, rental value. . . . Plaintiff looked at $144,000 for a supersedeas bond. And I think that's actually low. So based on the taxes—and I'll go by the amount— but defendant will need to tender a total amount of $168,000 as a supersedeas bond.

Accordingly, *Haedge* is inapplicable here.[3]

---

[3] Appellants also cite to *Hines v. Maple Housing of Beaumont*, No. 09-17-00381-CV, 2019 WL 2455271 (Tex. App.—Beaumont June 13, 2019, no pet.) (mem. op.), and *Schroeder*

We overrule appellants' first issue.

**Amount of supersedeas**

In their second issue, appellants argue in the alternative that the trial court abused its discretion in calculating the amount of supersedeas. They argue that: (1) the amount should be limited to the costs incurred by appellees during the pendency of the appeal, i.e., $3,500-$3,600 per month to rent the house in which they were living while the appeal was pending; (2) the amount of supersedeas should be limited to the amount requested by appellees, i.e., $6,000 per month, and not include property taxes; and (3) even if the trial court calculated the amount properly at $7,000 per month for 24 months, i.e., $168,000, appellees are not entitled to the full amount because the appeal was concluded in less than 24 months.

We disagree with appellants that the amount of supersedeas should be limited to the costs incurred by appellees to rent the house in which they were living during the appeal. Again, Rule 24.2(a)(2) provides that when the judgment is for the recovery of an interest in real property, the amount of that security must be "at least" the value of the property interest's rent or

_____

*v. LND Mgmt., LLC*, 446 S.W.3d 94 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Neither case supports appellants' position. *Hines* was not a supersedeas case but instead involved recovery for physical damages to property in a forcible-detainer action. 2019 WL 2455271, at *2. The appellate court concluded that the trial court's jurisdiction to award damages was limited to those "suffered as a direct result of withholding or defending possession" and that "[c]laims for other damages arising from the landlord-tenant relationship cannot be recovered in a forcible detainer action and must be handled in a separate proceeding." *Id*. The court also concluded that there was no evidence to support an award of attorney's fees. *Id*. at *4. This case, in contrast, involved neither a claim for physical damages to the property nor a claim for attorney's fees. As for *Schroeder*, that case involved an order to disburse a supersedeas bond that was "wholly inconsistent with, and in addition to, the obligations set forth in the county court's final judgment." 446 S.W.3d at 98. In this case, the trial court's judgment included an order as to the amount of supersedeas, and the trial court's order to disburse funds was consistent with its judgment.

revenue. Tex. R. App. P. 24.2(a)(2). In this case, appellees presented evidence that the rental value of their property was at least $6,000 per month.

We also disagree with appellants that the amount of supersedeas should be limited to $6,000 per month. When setting the amount of supersedeas, the trial court is permitted to consider not only "the value of rents likely to accrue during appeal," but also "damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." Tex. Prop. Code § 24.007. Because the trial court made no findings of fact and conclusions of law, we cannot ascertain exactly how the trial court arrived at the amount of $168,000, which corresponds to $7,000 per month for 24 months, although it appears from its ruling that the trial court included property taxes in its calculation. Nevertheless, we cannot conclude that this was an abuse of the trial court's "broad discretion" regarding supersedeas. *See McCartney v. California Mortg. Serv.*, 951 S.W.2d 549, 550 (Tex. App.—El Paso 1997, no writ) (listing property taxes as factor trial court may consider in setting amount of supersedeas).

However, we agree with appellants that appellees are not entitled to the full amount of supersedeas. The trial court set supersedeas at the amount of $7,000 per month for 24 months, based on the assumption that the appellate process would be pending for that long. However, it is undisputed that the appellate process began in April 2018 and ended in December 2019, when the Texas Supreme Court denied review and appellants surrendered possession of the property. Accordingly, the appeal was pending for 20 months, which entitles appellees to $140,000.00. *Cf. McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 285 (Tex. 2018) ("[T]he evidence presented at the hearing setting the bond amount was evidence of what damages the appeal might cause [appellee] if its judgment were not immediately enforced, not what damages the appeal actually did cause it.").

10

We overrule in part and sustain in part appellants' second issue.

## CONCLUSION

We affirm in part the trial court's order disbursing funds. We reverse the order to the extent that it releases the full amount of funds and render judgment that appellees recover $140,000.00 plus any applicable interest.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed in Part; Reversed and Rendered in Part

Filed: June 25, 2021

11