**Reversed and Rendered and Opinion filed July 7, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00617-CV

_____

## RONALD GLOSTON, Appellant

## V.

## RITA ELLISON, Appellee

**On Appeal from the County Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1131366**

## OPINION

Appellant Ronald Gloston appeals the county court's post-judgment order directing the county clerk to release registry funds to appellee Rita Ellison. Gloston argues that the order was signed after plenary power expired and that it was inconsistent with the judgment, imposing a new monetary liability on Gloston. We reverse and render.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This suit began in the Justice of the Peace court,[1] where Ellison filed her Complaint for Eviction against Gloston based on his alleged breach of a rental agreement for failing to pay rent. Ellison sought judgment for a writ of possession, court costs, and "back rent" in the amount of $1,200.  Gloston answered and after a trial on the matter, the Justice of the Peace signed a judgment in favor of Ellison, granting her possession of the Lucas Street property but denying court costs and awarding judgment against Gloston for "$0" in rent owed, and for "$0" attorney's fees.  The judgment originally set the appellate bond at $3,000.

Gloston filed a notice of appeal for de novo trial in the county court.[2]  Rather than posting bond, Gloston applied for indigency relief by filing a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond.  The Justice of the Peace issued notice of the filing,[3] granted Gloston the requested indigency relief, signed its "certified transcript of judgment," and ordered Gloston to pay $1,200 for payment of rent during appeal.  Gloston paid $1,200 into the registry of the court.

Ellison conformed her pleadings for the county court's de novo trial proceeding by filing her "Amended Complaint for Eviction," against Gloston, again seeking possession of the Lucas Street premises, a writ of possession, court costs and increased back rent totaling $2,400.

After the de novo trial, the county court issued its "Order on Complaint for Eviction," finding in favor of Ellison, stating as follows:

On May 14, 2019, the court heard the above numbered and styled

---

[1] Harris County, Texas, Precinct No. 6., Place 1.

[2] Harris County Texas, Constitutional County Court at Law, No. 1.

[3] The notice remarks that indigency statement was filed "under Rule 510.9(c) of the Texas Rules of Civil Procedure and Section 24.0052 of the Texas Property Code."

case.

The Plaintiff, Rita Ellison and Defendant Ronald Gloston, being present, announced ready for trial. The court, having heard the evidence, determined judgment is for the Plaintiff, Rita Ellison, for possession of 2403 Lucas Street, Houston, Texas 77026.

No writ of possession will issue before May 19, 2019.[4]

The court set Gloston's supersedeas bond at "$12,000 cash or corporate surety," and sent notices to the parties of final judgment.

Just over a month later, Gloston filed his first application requesting withdrawal of the funds that he had placed in the court's registry. He filed another application six month later.  On July 23, 2020, Gloston filed his amended second application for withdrawal of the funds. After a hearing on the motion, on August 6, 2020, the trial judge signed an order titled "Order on Application to Withdraw Funds," stating as follows:

> On August 2, 2020, the court heard, Defendants Amended Second Application to withdraw funds from the registry of the Court.
>
> The Plaintiff, Rita Ellison and Defendant Ronald Gloston, being present, announced ready, the court, having heard the evidence, orders that Chris Hollins County Clerk, pay the amount of one thousand two hundred dollars 00/100 ($1200.00), plus accrued interest, from the Registry of the Court to Rita Ellison.

On August 27, 2020, the Harris County Clerk's office paid Ellison $1,227.01, representing the $1,200 Gloston deposited into the registry of the court plus interest.  From this ancillary, post-judgment ruling Gloston raises four issues on appeal. Gloston argues that the court abused its discretion in ordering a money judgment to Ellison because it lacked plenary power to issue such an order, that it lacked a basis in law to support the order to disburse the funds, that no post-

---

[4] Our record of the County Court's docket sheet shows a writ of possession was issued before the end of that month.

judgment motion extended its plenary power, and that the action taken in its order exceeded the scope of the court's post-plenary power enforcement authority. Ellison did not file a responsive brief.

## II. ISSUES AND ANALYSIS

We consolidate appellant's four issues into one question: Did the county court have jurisdiction to do *what* it did, order disbursement of rent-payment funds to Ellison, *when* it did (after expiration of its plenary power)?

Rule 329b generally provides that a trial court retains jurisdiction over a case for a minimum of thirty days, during which time the trial court has plenary power to change its judgment. *See Lane Bank Equip. Co. v. Smith Southern Equip., Inc.,* 10 S.W.3d 308, 310 (Tex. 2000). Certain post-judgment motions, if filed within this initial thirty-day period, extend the trial court's plenary jurisdiction over its judgment for up to an additional seventy-five days. *Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838–39 (Tex. App.—Houston [14th Dist.] 2006, no pet.)*; see also* Tex. R. Civ. P. 329b(c), (e) & (g). After the time set forth in the rules, however, a court's plenary power expires and the actions that it may take with respect to its judgment are limited. *See* Tex. R. Civ. P. 329b(f).

A judgment following a conventional trial on the merits is generally presumed final for purposes of appeal. *Interest of R.R.K.*, 590 S.W.3d 535, 541 (Tex. 2019). A judgment need not address every party and claim for it to be a final judgment for purposes of appeal. *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010). The county court signed its "Order on Complaint for Eviction" after a conventional trial on the merits. The order recites that the parties announced ready, that it heard evidence, and that it "determined judgment" for the Plaintiff. The court made no mention of monetary relief Ellison requested; it did not explicitly deny the relief, but implicitly denied such relief, imposing no obligation

4

upon Gloston to pay Ellison any monetary damages. Despite its silence on appellant's claim for rent, the record does not rebut the presumption of finality applicable to post-trial rulings, and bears other indicia of finality. *Interest of R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019); *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010). We thus agree with appellant's conclusion that the court's May 14, 2019 "Order on Complaint for Eviction" constituted a final judgment. Accordingly, by the time the county court ruled on appellant's request to withdraw funds from the registry (August 6, 2020), more than 30 days had elapsed since its May 14, 2019 final judgment and no post-judgment motions had been filed; thus, the county court's plenary power had expired.

After a court's plenary power has expired it may still perform certain collateral duties—correct clerical mistakes in the judgment (by issuing a judgment nunc pro tunc), enforce its judgment, and supervise post-judgment discovery to aid in enforcement of the judgment. *See Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (collecting cases). Additionally, funds still on deposit in the registry of a trial court post-judgment remain subject to the control and order of the trial court. *See Schroeder v. LND Mgmt., LLC*, 446 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In *Custom Corps.*, we observed the limitations that define post-judgment powers:

> The trial court may not [] issue an order that is inconsistent with the original judgment or that otherwise constitutes "a material change in the substantive adjudicative portions of the judgment" after its plenary power has expired. In addition, post-judgment orders may not require performance of obligations in addition to "the obligations imposed by the final judgment."

*Custom Corps.*, 207 S.W.3d at 839 (citations omitted) (concluding trial court

exceeded its limited post-plenary power authority when determining of attorneys' fees of non-party, and awarding storage fees incurred by a non-party); *See Schroeder*, 446 S.W.3d at 97 (concluding post-judgment rental payment award inconsistent with final judgment in eviction suit).

The ultimate issue — whether the County court could, acting within these inherent powers, order disbursement of these funds deposited in the registry by Golston as "rent payment", to Ellison — directs us to ask whether the disbursement order constitutes a material change in the substantive adjudicative portions of May 14 judgment or requires performance of obligations in addition to the obligations imposed by the May 14 judgment.

In 2014 in *Schroeder v. LND Mgmt.*, our sister court addressed a similar issue. 446 S.W.3d at 98. In *Schroeder*, after the county court issued an order granting LND (the property owner) only possession of the property in dispute (contrary to the Justice Court that had also awarded $4,000 for rent payment), Schroeder (the tenant) surrendered the property and neither party appealed. After the county court's plenary power expired, Schroeder requested disbursement of his $8,000 bond. The County court then issued an order in the property owner's favor, "$4,000 to LND, 'as use and occupancy on the property' from August 2012 through March 2013, and returning the remaining $4,000 to Schroeder." The First Court of Appeals reversed that order, concluding "that the disbursement order, which imposes an obligation on Schroeder to pay $4,000 in damages to [the property owner], is wholly inconsistent with, and in addition to, the obligations set forth in the county court's final judgment, wherein it awarded no damages to [the property owner]." *Id.* at 98.

This case is similar to *Schroeder*. Like *Schoeder*, following an adverse ruling from the county court, Gloston requested the county court to disperse funds

that he provided to the registry to supersede the justice court's judgment. Also, as in *Schroeder*, the county court's ruling on the request was made after its plenary power had expired. And just as the county court's final judgment in *Schroeder* did not permit for monetary compensation, neither did the county court's "Order on Complaint for Eviction" award any money to Ellison. We reach the same conclusion as our sister court.

Despite the similarities between this case and *Schoeder* that dictate a similar outcome, there's one notable difference. In *Schoeder*, LND had dropped its claim for back rent at the county court stage, thus its claim was not live at the time the court entered its judgment. In this case, Ellison had pleaded a claim for back rent in the county court which was live at the time of trial. Thus, in a case such as this, if a landlord or other party in Ellison's position desires to obtain the back rent, to avoid the harsh result, it is incumbent on that party to raise the issue at trial and secure a ruling on the claim prior to or at the time of the judgment, and failing that, to timely pursue a post-judgment motion to modify the judgment.

The Texas Property Code provides further support for our conclusion today. See Tex. Prop. Code Ann. § 24.0053. The money Gloston paid into the registry was not an ordinary appellate bond, but specifically defined under Texas law as payment for a rental period made in connection with appeal with a pauper's affidavit. The provision further permits the plaintiff in the lawsuit to withdraw this money from the registry upon request, but provides specific requirements as to the manner and time for such requests. *Id*. § 24.0053(a-4) ("On sworn motion and hearing, the plaintiff in the eviction suit may withdraw money deposited in the court registry before the final determination in the case, dismissal of the appeal, or order of the court after final hearing."). Thus, under the Property Code these funds were clearly available for disbursement to Ellison upon a sworn motion and

7

hearing during the pendency of the de novo trial up to its conclusion, e.g. "final determination in the case, dismissal of the appeal, or order of the court after final hearing". But Ellison failed to request and obtain a favorable ruling on the disposition of funds in this time period. In turn, allowing Ellison to secure rental payments post-judgment, post-plenary power effectively relieves her of complying with the timelines for making such a request under the Property Code.

We sustain Gloston's complaint.

### III. CONCLUSION

We reverse the portion of the county court's Order on Application to Withdraw Funds directing that the County clerk pay the "amount of one thousand two hundred dollars 00/100 ($1200.00), plus accrued interest, from the Registry of the Court to Rita Ellison" and render an order that Rita Ellison pay back to the Registry of the Court the "amount of one thousand two hundred dollars 00/100 ($1200.00), plus accrued interest" and that once the amount has been funded, pay to Ronald Gloston the "amount of one thousand two hundred dollars 00/100 ($1200.00), plus accrued interest".

/s/    Randy Wilson
Justice

Panel consists of Chief Justice Christopher, and Justices Zimmerer and Wilson.

8