**Opinion issued May 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00539-CV

_____

**KHIARA SANDERS, Appellant**

**V.**

**AMG CITYVIEW APARTMENTS LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1220876**

---

## MEMORANDUM OPINION

This appeal arises from a forcible-detainer action initiated in justice court by

AMG Cityview Apartments LLC against Khiara Sanders. The justice court rendered

judgment for AMG. Sanders then appealed to the county court and posted an initial

deposit of rent into the court registry.

After a de novo bench trial, the county court rendered a take-nothing judgment against AMG. But it later issued a post-judgment order releasing the registry funds to AMG. It is from this order that Sanders now appeals.[1]

Sanders contends that the order is void because it is inconsistent with the final judgment and the county court lacked plenary power to change its judgment.

We reverse and remand.

## Background

AMG filed a Petition for Eviction in the justice court, complaining that Sanders had failed to pay rent. AMG sought possession of the premises, past due rent, attorney's fees, and costs. The justice court awarded AMG possession of the premises and a judgment against Sanders in the amount of $1,122.00 "as rent owed." The justice court initially set an appeal bond of $1,450.00.

Sanders filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond (Statement), which perfected her appeal to the county court.[2]

---

[1] "Post-judgment orders embodying awards to claimants or enforcing the court's judgment itself are appealable orders; they function like judgments." *Cook v. Stallcup*, 170 S.W.3d 916, 920 (Tex. App.—Dallas 2005, no pet.) (appeal from order disbursing registry funds); *Johnson v. Hope Vill. Apartments*, No. 09-09-00526-CV, 2010 WL 4263760, at *1 (Tex. App.—Beaumont Oct. 28, 2010, pet. denied) (mem. op.) (order releasing court-registry funds separately appealable).

[2] *See* TEX. R. CIV. P. 510.9(f) ("An appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford Payment of Court Costs is filed in accordance with this rule.").

2

The justice court ordered that Sanders pay into its registry "an initial deposit in the amount of rent to be paid each rental pay period during the pendency of the appeal as stated in the judgment."[3] The "initial deposit" was set at $725.00. Sanders paid this amount into the justice court's registry. The funds were later transferred into the county court's registry.

AMG again pleaded in the county court for possession of the premises and for judgment against Sanders for delinquent rent, attorney's fees, and costs.

On March 21, 2024, after a de novo trial, the county court rendered a take nothing judgment against AMG and entered judgment in favor of Sanders.

Over 30 days later, Sanders and AMG filed competing motions for the disbursement of the funds in the county court's registry.

On May 14, 2024, the county court signed an ordering directing the county clerk to release the registry funds to AMG. The county clerk paid AMG $732.53—the deposit plus interest. Sanders appeals from this post-judgment disbursement order.

**Disbursement Order**

Sanders complains that the county court's disbursement order is void because it is inconsistent with the final judgment and the county court lacked plenary power to change its judgment.

---

[3]    *See* TEX. PROP. CODE § 24.0053 ("Payment of Rent During Appeal of Eviction").

3

*Standard of Review and Applicable Law*

Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A trial court retains jurisdiction for a minimum of thirty days after it signs a final judgment to vacate, modify, correct, or reform that judgment. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000); *see also* TEX. R. CIV. P. 329b(c), (e) (certain post-judgment motions extend plenary power). Generally, once plenary power expires, a trial court lacks jurisdiction to act and any orders it issues are typically void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000).

A trial court may, however, perform certain collateral duties notwithstanding the expiration of its plenary power. *Schroeder v. LND Mgmt., LLC*, 446 S.W.3d 94, 97 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

For example, even after a trial court's plenary power expires, it "unquestionably ha[s] quasi in rem jurisdiction to determine who owns funds tendered into [its] registry." *Madeksho*, 112 S.W.3d at 686. "Funds on deposit in the registry of a trial court are always subject to the control and order of the trial court, and the court enjoys great latitude in dealing with them." *Id.* Generally,

4

"money cannot be paid out of the registry of a court except on . . . the order of the . . . court in which the funds have been deposited, authorizing the disbursement of the funds." *Eikenburg v. Webb,* 880 S.W.2d 781, 782 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) (citing TEX. LOC. GOV'T CODE § 117.121).

However, in performing its collateral duties, a trial court may not issue an order outside of its plenary power that is inconsistent with the original judgment or that otherwise constitutes "a material change in the substantive adjudicative portions of the judgment." *Schroeder*, 446 S.W.3d at 97–98 (quoting *Custom Corporates, Inc. v. Sec. Storage, Inc*., 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet)). And such post-judgment orders may not require the performance of obligations in addition to those imposed in the final judgment. *Bank One, N.A. v. Wohlfahrt*, 193 S.W.3d 190, 195 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

*Discussion*

Here, the county court signed its final judgment on March 21, 2024. No post-judgment motions were timely filed, so the county court's plenary power expired on April 22, 2024. *See* TEX. R. CIV. P. 329b(d).

Sanders and AMG subsequently filed competing motions on April 24, 2024 and April 25, 2025, respectively, to withdraw the funds from the registry. The county court issued an order granting AMG's motion on May 14, 2024—some 22 days after its plenary power expired—pursuant to its inherent authority to disburse

5

funds from its registry. But that order must not be inconsistent with the final judgment. And it must not impose any obligations in addition to those reflected in the final judgment. *See Schroeder*, 446 S.W.3d at 98; *see also Cook v. Stallcup*, 170 S.W.3d 916, 920–21 (Tex. App.—Dallas 2005, no pet.).

The county court's post-judgment disbursement order exceeds those limitations. The final judgment orders that AMG "take nothing" by way of its suit. But yet the post-judgment order disburses the registry funds *to* AMG—thus imposing an obligation on Sanders to pay $725.00 in damages to AMG. This is plainly inconsistent with the final judgment because it requires the performance of an obligation beyond that imposed in the final judgment. *See Schroeder*, 446 S.W.3d at 98; *see also Gloston v. Ellison*, 651 S.W.3d 637, 642 (Tex. App.—Houston [14th Dist.] 2022, no pet.).[4]

AMG maintains that "the disbursement [is] not inconsistent with the final judgment because the funds were intended as a rental payment during pendency of the appeal." According to AMG, "[t]his is not relief granted to [it], but rather a statutory payment to cover a landlord for the additional administrative time being

---

[4] Although the justice court awarded damages to AMG, it is well-settled that an appeal to the county court for a trial de novo vacates and annuls the justice court's judgment. *Schroeder v. LND Mgmt., LLC*, 446 S.W.3d 94, 98 n.1 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

6

taken as Ms. Sanders perfected a pauper's appeal." This is not supported by the record or the law.

Sanders's deposit into the court registry was specifically designated under section 24.0053 of the Texas Property Code as the "payment of rent during appeal of eviction" in conjunction with a pauper's affidavit. *See* TEX. PROP. CODE § 24.0053; *see also Gloston*, 651 S.W.3d at 642 (such funds are "not an ordinary appellate bond").

Section 24.0053 authorizes the plaintiff in an eviction suit to withdraw these funds pursuant to "specific requirements as to the manner and time for such requests." *Gloston*, 651 S.W.3d at 642. The plaintiff, on sworn motion and hearing, "may withdraw money deposited in the court registry *before* the final determination in the case, dismissal of the appeal, or order of the court after final hearing." *See* TEX. PROP. CODE § 24.0053(a-4) (emphasis added); *see Gloston*, 651 S.W.3d at 642 (disbursement available "during the pendency of the de novo trial up to its conclusion").

Accordingly, under this provision of the Property Code, these funds were available for disbursement to AMG upon a sworn motion and hearing during the pendency of the trial de novo up to its conclusion. *See Gloston*, 651 S.W.3d at 642.

It was "incumbent upon [AMG] to raise the issue at trial and secure a ruling on the claim prior to or at the time of judgment." *See id*. But AMG failed to do so.

7

*See id.* Allowing AMG to "secure rental payments post-judgment, post-plenary power [would] effectively relieve[] [it] of complying with the timelines for making such a request under the Property Code." *See id.* And that we cannot do.

We therefore sustain Sanders's complaint on appeal and hold that the county court reversibly erred in ordering that the registry funds be disbursed to AMG, rather than back to Sanders.

## Conclusion

We reverse the county court's Order to Release Funds from the Registry of the Court. We remand this case to the county court with instructions to order the return of the registry funds and, once funded, to order the clerk of that court to release the funds to Sanders—specifically $725.00, plus accrued interest.[5]


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.

---

[5] *See* TEX. LOC. GOV'T CODE § 117.121(a) ("Money may be paid from the registry fund only . . . on the written order of the court with proper jurisdiction, except that the clerk may make a payment without court order for unpaid court costs from a cash bond deposited in connection with an appeal after the appellate court issues its mandate in the appeal if the costs remain unpaid for 45 days after the mandate is issued."); *Gloston*, 651 S.W.3d at 642–43; *Cook*, 170 S.W.3d at 921 ("We reverse the order of the trial court and remand this case with instructions to order the clerk of that court to release the funds to Cook . . . ."); *Eikenburg v. Webb,* 880 S.W.2d 781, 782 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) ("Because the judge of the 312th District Court first ordered the funds to be deposited with his court, only that court has authority to disburse these funds.").